UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21586

CHRISOVALANTOU ANASTASOPOULOS,

 Plaintiff,

vs.

INK 477 LLC,

 Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT FOR FLSA VIOLATION(S)

Plaintiff, Chrisovalantou Anastasopoulos, for herself and others similarly situated, sues Defendant, Ink 477 LLC, as follows:

### Overview

1. Plaintiff brings this Complaint for herself and other similarly situated employees who were entitled to receive and who actually received tips while working for Defendant at its restaurant known as "Level 6."

2. Plaintiff asserts a proposed "opt-in" collective action 29 U.S.C. §216(b) for the recovery of the tips/overtips that Defendant improperly retained/distributed in violation of 29 U.S.C. §203(m)(2)(B); see also *Lopez v. Fun Eats and Drinks, LLC*, 2021 WL 5302361 (N.D. Tex. 2021).

3. Plaintiff brings her FLSA claim against Defendant as <u>a proposed "opt-in" collective action pursuant to 29 U.S.C. §216(b)</u> and seeks to recover tips/overtips, liquidated damages, declaratory relief, and reasonable attorneys' fees and costs for herself and all other similarly situated traditionally tipped front-of-the-house employees (such as servers, bussers, food runners, bartenders,

1

barbacks, hosts, and hostesses), who eventually opt into the class and who worked for the Defendant within the three (3) years preceding the filing of this action (the "Collective Action Class").

## Parties

4. **Plaintiff, Chrisovalantou Anastasopoulos**, is over 18 years old and a *sui juris* resident of Litchfield County, Florida.

5. Plaintiff consents to participate in this lawsuit.

6. Plaintiff was an "employee" of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

7. Plaintiff was a non-exempt employee of the Defendant.

8. Plaintiff's work for Defendant and the work of the other similarly situated tipped employees was actually in or so closely related to the movement of commerce while they worked for Defendant that the Fair Labor Standards Act applies due to their handling and serving liquor, beer, mixers, and beverages that traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, and electronic transmissions that also regularly and routinely traveled through interstate commerce.

9. Plaintiff and the other similarly situated tipped employees regularly, recurrently, and routinely processed credit card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to her sale of same.

10. Plaintiff worked for Defendant as a front-of-the-house tipped employee, particularly as a server, at Level 6.

11. Plaintiff and the others similarly situated are *sui juris* adults who worked or who work

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

for Defendant at their restaurant known as Level 6 as front-of-the-house tipped employees (such as servers, bussers, food runners, bartenders, barbacks, hosts, and hostesses).

12. Defendant is believed to have records identifying the exact dates when it employed Plaintiff and the other similarly situated front-of-the-house tipped employees.

13. **Defendant, Ink 477 LLC,** is a *sui juris* Florida for-profit limited liability company authorized to conduct and that conducted its for-profit restaurant business in Miami-Dade County, Florida, at all times material.

14. **Defendant, Ink 477 LLC,** operates a restaurant called Level 6, located at 3480 Main Highway, 6th floor, Coconut Grove, FL 33133.

15. Defendant maintained control, oversight, and direction over Plaintiff and the other front-of-the-house tipped employees, including the ability to hire, fire, and discipline them.

16. Defendant also maintained control, oversight, and direction over collecting and distributing credit card tips.

17. Defendant regularly employed two or more employees for the relevant time who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

### *Jurisdiction and Venue*

18. Defendant has been, during the past three years, an enterprise engaged in interstate commerce in the marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that moved through interstate commerce.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

19. Defendant cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

20. Furthermore, Defendant regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside the State of Florida, used telephonic transmissions going outside the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside the State of Florida.

21. Defendant's annual gross revenues derived from this interstate commerce is believed to exceed $500,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in which Plaintiff and the others similarly situated worked.

22. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Plaintiff and other similarly situated tipped employees (servers and bussers) worked in Miami-Dade County, were paid in Miami-Dade County, and were due to be paid the tips that they earned in Miami-Dade County.

23. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

## Background Facts

24. The Defendant charged and collected a mandatory service charge from its customers.

25. The Defendant, like most service establishments' owners, allowed its customers to leave discretionary gratuities above the mandatory service charge.

26. Defendant's customers left gratuities (tips) intended to be paid to Plaintiff and the other similarly situated front-of-the-house tipped employees who worked for it.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

27. The discretionary gratuities (tips) that Defendant's patrons left are referred to as "tips."

28. Defendant exercised complete control over the credit card tips that its patrons left for its tipped employees, accumulating them in a "tip pool" or another aggregate arrangement, and then Defendant either retained a portion of the tips collected (by failing to distribute all tips and overtips collected) and/or distributed a portion of the tips and overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

29. Defendant's unlawful pay practices deprived Plaintiff and the other similarly situated front-of-the-house tipped employees of the tips and overtips they earned and should have received, which amount results in a significant sum when aggregated.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable attorney's fee for all services related to this matter.

## Satisfaction of Conditions Precedent

31. Plaintiff complied with all conditions precedent to bringing this claim under the FLSA, as the FLSA imposes no condition precedent to bringing a lawsuit.

32. The FLSA always precluded employers like Defendant, 450 North River Drive, LLC, from retaining any portion of the tips and/or overtips and from distributing any tips and/or overtips to traditionally non-tipped employees.

## Relevant Law

33. The FLSA was amended in 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that employers may (a) not keep any portion of the tips and/or overtips earned by their employees for

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

any reason – even when employers pay their employees more than the minimum wage – and (b) may not distribute tips to managers or supervisors:

> **An employer may not keep tips received by its employees for any purposes**, including **allowing managers or supervisors** to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit.**

34. The 2018 amendment to the FLSA states that each employer who violates the provisions of 29 U.S.C. §203(m)(2)(B) on either an individual or collective basis violates the FLSA:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or himself and other employees similarly situated

29 U.S.C. §216(b).

35. The FLSA makes each "employer" jointly and severally liable for all wages, liquidate damages, attorneys' fees, and costs owed.

### *Collective Action Allegations*

36. Defendant employed more than 25 front-of-the-house tipped employees in Miami, Miami-Dade County, Florida, during the past three (3) years.

37. Plaintiff brings this lawsuit as a collective action pursuant to 29 U.S.C. § 216(b) for herself and all other similarly situated individuals who are part of the following:

> All front-of-the-house tipped employees who worked at Level 6 in Coconut Grove, Florida, any time during the three (3) years before filing the Complaint and up through the rendition of a judgment in this matter.

38. These individuals identified in paragraph 38 are called the "Collective."

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

39. The Collective includes the persons who worked for Defendant as front-of-the-house tipped employees with various job titles, such as servers, bussers, food runners, bartenders, barbacks, hosts, and hostesses at the Level 6 restaurant during the three (3) years before the filing of the initial Complaint through the present, who were paid on an hourly basis, and who worked in customer-facing (front-of-the-house), non-managerial and non-supervisory jobs, who were entitled to share in the tips that Defendant collected and aggregated into a "tip pool," and who were subject to the same pay practices as Plaintiff.

40. Plaintiff performed the same type of work under the same procedures, rules, and regulations as Defendant's other similarly situated front-of-the-house tipped employees who worked for Defendant at its Level 6 restaurant in Miami, Miami-Dade County, Florida, and who relied at least in part on tips and overtips for their wages.

41. The Collective of similarly situated workers who may become plaintiffs in this action includes the currently and formerly employed front-of-the-house tipped employees who worked for Defendant but to whom it did not distribute all the tips and overtips that they earned.

42. The members of the Collective are readily identifiable from records maintained by Defendant and necessarily will present legal and factual issues that are nearly the same, if not identical, to those presented by Plaintiff.

43. The members of the Collective are known to Defendant and can be located through the mailing addresses, email addresses, and/or telephone records that Defendant collected and was required to maintain under the FLSA.

44. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b), with the Court managing the Notice process.

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

45. Collective Action treatment of this claim is appropriate because Plaintiff and the Collective were subjected to the common business practices referenced in this claim. The success of this FLSA claim depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendant's companywide practices resulted in their failure to pay/distribute the tips and overtips that Defendant received properly, that the Collective earned and were entitled to receive, but which the Defendant either retained or failed to distribute properly in violation of 29 U.S.C. §203(m)(2)(B).

46. Defendant disregarded the FLSA's prohibition against retaining the tips by employers and its prohibition against distributing tips to managers or supervisors when it kept a portion of the tips and/or when it distributed such tips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

47. As a direct and proximate result of the Defendant retaining a portion of the tips intended for its front-of-the-house tipped employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), Defendant violated the 29 U.S.C. §203(m)(2)(B) of the FLSA and damaged Plaintiff and the Collective.

48. Plaintiff and the Collective are entitled to recover as damages all tips that Defendant improperly retained and/or that Defendant improperly distributed to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

49. Defendant willfully and intentionally refused to pay Plaintiff and the Collective all the tips they earned/received during the relevant time.

50. Defendant either knew from prior experience because of its being previously sued

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

for violating the FLSA by improperly sharing tips with traditionally non-tipped employees in *Balode vs. Ink 770 LLC*, S.D. Fla. Case No.: 1:23-cv-23614, or it recklessly failed to investigate whether its failure to pay Plaintiff and the Collective all of the tips and overtips they earned and/or that its patrons left (a) violated the FLSA, (b) it either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FLSA, and (c) and it failed to timely correct its violation(s) by not promptly returning the tips to the affected tipped employees upon learning of its having violated the FLSA.

51. Plaintiff and the Collective were damaged by Defendant's improper retention and/or distribution of the tips they earned and should have received.

52. Defendant willfully and intentionally refused to pay Plaintiff and the Collective all the tips (and overtips) earned/received during the relevant time.

53. Defendant either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff and the Collective all of the tips (and overtips) they earned and/or that patrons left (a) violated the FLSA, (b) they either knew from prior experience or recklessly failed to investigate the aforementioned practice violated the FLSA, (c) they either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips (and overtips) received from and paid by patrons with "house" accounts during the relevant time period violated the FLSA, (d) and then they failed to timely correct their violation(s).

54. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

55. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

56. Plaintiff and the Collective are entitled to a back pay award of the tips and overtips they earned, but that Defendant improperly retained/received/distributed, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred pursuant to 29 U.S.C. § 216(b).

WHEREFORE Plaintiff, Chrisovalantou Anastasopoulos, demands the entry of a judgment in his favor and in favor of the Collective, and against Defendant, Ink 770 LLC, after trial by jury and as follows:

a. Designating this Count as a Collective Action by Chrisovalantou Anastasopoulos on behalf of the Collective she represents pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing the consent to sue/join forms pursuant to 29 U.S.C. § 216(b);

b. Designating Plaintiff as the representative for the Collective;

c. Designating the undersigned as counsel for the Collective;

d. Awarding Plaintiff and the Collective the tips and overtips improperly withheld/distributed and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §§ 203(m)(2)(B) and 216(b);

e. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201, 203(m)(2)(B), *et seq.*;

f. Issuing an injunction prohibiting Defendant, Ink 770 LLC, from continued unlawful practices, policies and patterns set forth herein;

g. Awarding pre-judgment and post-judgment interest as provided by law;

h. Awarding reasonable attorneys' fees and costs;

i. Declaring Defendant, Ink 770 LLC, to be in willful violation of the minimum wage provisions of the FLSA;

j. Declaring that the statute of limitations should be three (3) years; and

k. Awarding such other and further relief that this Court deems appropriate.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff, Chrisovalantou Anastasopoulos, demands a trial by jury of all issues so triable.

Respectfully submitted this <u>25th</u> day of April 20204,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

11

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*