UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21586-KMW

CHRISOVALANTOU ANASTASOPOULOS,

    Plaintiff,

vs.

INK 477 LLC,

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
TO FILE STATEMENT OF CLAIM**

Plaintiff, Chrisovalantou Anastasolpoulos, requests that the Court extend the deadline to file the Statement of Claim required by this Court at ECF No. 5 based on the following good cause:

### *Introduction*

1. Plaintiff filed this case against her former employer to address Defendant's violations of the Fair Labor Standards Act's requirements for payment of minimum wages and tips to which she and the others similarly situated were entitled to receive [ECF No. 1].

2. The focal issues in this case include whether and the amount of minimum wages and tips are owed to Plaintiff and to others similarly situated [ECF No. 1].

3. Defendant maintained records that will help establish the hours that Plaintiff worked, the minimum wages paid to her, the discretionary tips received by Defendants, to whom Defendants distributed the discretionary tips, the amount of discretionary tips distributed, and when Defendants distributed those discretionary tips.

4. Plaintiff does not have most of her time or pay records, and her records are incomplete.

5. Defendants, on the other hand, will (or should) have all the records that identify the hours worked, minimum wages paid, and tips distributed to Plaintiff and (and all others similarly situated), which documents will then permit Plaintiff to more accurately calculate the wages (minimum wages and tips) owed to them when produced.

6. The Court entered its Order requiring, *inter alia*, that Plaintiff file her Statement of Claim within ten (10) days from May 11, 2024 [ECF No. 5].

7. Undersigned counsel is familiar with this Court's practice of requiring plaintiffs in FLSA cases such as this one to file a Statement of Claim at the outset of the litigation so that the parties can evaluate the value of the claims asserted early in the case to determine whether to resolve the case before protracted litigation and the attendant attorneys' fees makes resolution more difficult.

8. While mindful of the purpose of the Court's FLSA Order and the requirement that she file a Statement of Claim, Plaintiff requests a modification to the Court's standard practice – including a preliminary records exchange and some additional time to comply.

9. The additional time is requested so that Defendant can first provide Plaintiff with the time and pay records, as well as the records identifying the tips it received on each check for which Plaintiff (and those similarly situated who opt into these proceedings) earned, and the amount paid to each for the time relevant to this lawsuit (April 25, 2021 to present) so that Plaintiff can prepare the Statement of Claim with more accuracy.

10. The idea behind this motion is not delay, but instead efficiency: preparing an accurate Statement of Claim based upon existing time, pay, and accounting records, instead of simply estimating the same, will better enable the parties to evaluate the claims, defenses, and formulate their respective strategies.

11. Plaintiff brings this motion in advance of the deadline for filing the Statement of Claim established by the Court at ECF No. 5.

### *The Law*

12. Rule 1 of the Federal Rules of Civil Procedure directs that the Rules "should be construed, administered, and employed by the court to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

13. Plaintiff submits that granting the requested enlargement of time will serve the interests of justice and will further comport with the spirit of the Federal Rules of Civil Procedure as embodied in Rule 1.

14. Pursuant to Fed. R. Civ. P. 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

15. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

16. Given that a Statement of Claim is, "an extra-Rules practice used by the district court for its convenience and to aid in case management," *Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014), and that Defendants will not likely appear or file a response to the

Complaint until after the date that Plaintiff seeks to file his Statement of Claim (considering that Plaintiff has not yet received the return of service for the Summons and Complaint), there can be no prejudice to Defendant and there will be no delay in this Court's case management as a result of granting the brief extension requested herein.

17. The undersigned firm has made a similar request to alter the statement of claim procedure in another FLSA case pending before Chief Judge Cecilia Altonaga presiding, requesting the same relief as that requested herein, and the Court granted the request. *See Delio Batista et al. vs. Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero*, S.D. Fla. Case No.: 1:22-CV-22671-ALTONAGA/TORRES at ECF No. 6 (Exhibit "A").

### *The Relief Requested*

18. Plaintiff submits that it would be more efficient to calculate and then file the required Statement of Claim after receipt of the time, pay, and tip (accounting) records from Defendants, since Plaintiff will thereafter be able to more accurately prepare a statement of the minimum wages and tips owed based on the actual time, pay, and tip records.

19. The alternative, of course, would be for Plaintiff to estimate the claimed unpaid wages in the Statement of Claim and then to file an Amended Statement of Claim after receipt of the relevant records, which would only complicate and delay these proceedings and result in the otherwise unnecessary expenditure of time, effort, and expense.

20. Consequently, Plaintiff requests that the Court grant her an extension of time so that the Statement of Claim is due within fourteen (14) days after Defendant provides her with the time, pay, policy, and commission records relevant to Plaintiff's employment.

21. Defendant has not been served, contacted the undersigned, or appeared in this case.

WHEREFORE Plaintiff, Chrisovalantou Anastasolpoulos, requests that the Court enter an Order extending the deadline for her to file a Statement of Claim in this case considering the good cause shown above.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for Plaintiff has been unable to confer regarding the relief sought in this motion because Defendant has not been served, contacted the undersigned, or appeared in this case.

Respectfully submitted this 9th day of May 2024.

> *s/* Patrick Brooks LaRou
> Brian H. Pollock, Esq.
> Florida Bar No. 174742
> brian@fairlawattorney.com
> Patrick Brooks LaRou, Esq.
> Florida Bar No. 1039018
> brooks@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue, Suite 770
> Coral Gables, Florida 33146
> Telephone: (305) 230-4884
> *Counsel for Plaintiff*