UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-21586-KMW

CHRISOVALANTOU ANASTASOPOULOS,

        Plaintiff,

v.

INK 477 LLC,

        Defendant.
_____/

### DEFENDANT'S UNOPPOSED AND VERIFIED MOTION TO SET ASIDE CLERK'S DEFAULT

COMES NOW, Defendant, Ink 477, LLC, by and through the undersigned counsel and moves this Honorable Court to set aside the Clerk's Default, entered on June 11, 2024, pursuant to Fed.R.Civ.P. 55(c), and in support states as follows:

1. Plaintiff filed a Complaint against Defendant, Ink 477, LLC, alleging a violation of the Fair Labor Standards Act. See D.E. 1.

2. The Complaint was served upon Defendant's registered agent on May 20, 2024. See DE 9-1. Making the deadline to respond to the Complaint on Monday, June 10, 2024.

3. Defendant reported the lawsuit to its insurance broker, for appointment of defense counsel, as has been done in several other recent Fair Labor Standards Act (FLSA) lawsuits. But the matter was held in abeyance by the insurer because of a question regarding insurance coverage.

4. Defendant relied upon its insurer to appoint a defense attorney, as was common in their dealings throughout 2023 and 2024.

5. On Tuesday, June 11th, 2024, via email at 4:48 pm, the undersigned was appointed as counsel for Defendant; however, the issue of insurance coverage has not been resolved.

6. The undersigned counsel filed a Notice of Appearance on June 18th, 2024, and reviewed the docket and noticed that a clerk's default had been entered.

7. The undersigned contracted the Plaintiff's counsel and both, Messrs. Pollock and LaRou, have no objection to the entry of the requested relief.

8. The instant motion is filed within a week of being retained and furthermore, no final judgment has been entered. While there may have been some delay in the appointment of counsel by the Defendant's insurer, Defendant promptly moved to set aside the default once the undersigned was assigned by the insurance carrier.

9. Simultaneously with this filing, the Defendant files its Answer to the Plaintiff's complaint, denies the allegations claiming that it violated the FLSA and asserts several affirmative defenses in opposition. Accordingly, Defendant has several meritorious defenses to the Plaintiff's Complaint.

10. Lastly, given that no other litigant has been unduly burdened by this request, Defendant requests the Court to set aside the Clerk's Default entered against it.

## Memorandum of Law in Support

Pursuant to Rule 55(c), "[T]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." As stated in Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996, "Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one--but not so elastic as to be devoid of substance."  In determining whether good cause is shown, courts generally evaluate (1) whether the default is culpable or willful; (2) whether setting aside default

would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. See Id at 951. Defaults are generally disfavored, with a strong preference for hearings on the merits. See Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993), citing Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1510 (11th Cir. 1984); see also Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 233 (N.D. Ga. 1975).

**WHEREFORE**, and for the foregoing reasons, Defendant requests that this motion be, in all respects, granted.

## VERIFICATION

I, Sergio R. Casiano, Jr, of my own personal knowledge declare as follows:

I am the attorney assigned to defend this matter on behalf of Defendant, Ink 477, LLC, and if called on to testify I would competently testify as to the matters stated herein.

I verify under penalty of perjury under the laws of the United States that the factual statements in this motion concerning the Defendant, are true and correct, as are the factual statements concerning Ink 477 LLC, their activities and intentions.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of June 2024.

_____
Sergio R. Casiano, Jr.

Respectfully submitted,
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
*Counsel for Defendant*
100 SE Second Street, Suite 2100
Miami, Florida 33131
Telephone: 305-374-4400
Facsimile: 305-579-0261

By: */s/ Sergio R. Casiano, Jr., Esq.*
    SERGIO R. CASIANO, JR.
    Florida Bar No.: 457302
    sergio.casiano@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that the on the 20th day of June 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court Southern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: */s/ Sergio R. Casiano, Jr., Esq.*
SERGIO R. CASIANO, JR.
Florida Bar No.: 457302
sergio.casiano@wilsonelser.com

**SERVICE LIST**
Brian H. Pollock, Esq.
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: 305-230-4884
brian@fairlawattorney.com
*Counsel for Plaintiff*

4