UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-21586-KMW

CHRISOVALANTOU ANASTASOPOULOS,

        Plaintiff,

v.

INK 477 LLC,

        Defendant.

_____/

## **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

**COMES NOW** Defendant, INK 477, LLC, by and through the undersigned counsel, and hereby files its Answer, Affirmative Defenses and Demand for Jury Trial in response to the Plaintiff's Complaint, and therefore, states as follows:

Answer

1. In response to paragraph number 1 of the Plaintiff's Complaint, this paragraph contains no allegations and does not require a response.

2. In response to paragraph number 2 of the Plaintiff's Complaint, the allegations are denied, as the Plaintiff is not entitled to the relief sought.

3. In response to paragraph number 3 of the Plaintiff's Complaint, the allegations are denied, as the Plaintiff is not entitled to the relief sought.

Parties

4. In response to paragraph number 4 of the Plaintiff's Complaint, the allegation is admitted to the extent that Plaintiff is over 18 years of age; however, the remainder is denied.

5. In response to paragraph number 5 of the Plaintiff's Complaint, Defendant is without knowledge and therefore, denies same.

6. In response to paragraph number 6 of the Plaintiff's Complaint, the allegations is admitted.

7. In response to paragraph number 7 of the Plaintiff's Complaint, the allegation is admitted to the extent that Plaintiff was an employee; however, the remainder is denied.

8. In response to paragraph number 8 of the Plaintiff's Complaint, the allegations is admitted as to the plaintiff; however, the remainder of the allegation as to any non-consenting and undisclosed person, is denied.

9. In response to paragraph number 9 of the Plaintiff's Complaint, the allegations is admitted as to the plaintiff; however, the remainder of the allegation as to any non-consenting and undisclosed person, is denied.

10. In response to paragraph number 10 of the Plaintiff's Complaint, the allegations is admitted.

11. In response to paragraph number 11 of the Plaintiff's Complaint, the allegations is admitted as to the plaintiff; however, the remainder of the allegation as to any non-consenting and undisclosed person, is denied.

12. In response to paragraph number 12 of the Plaintiff's Complaint, the allegations is admitted as to the plaintiff; however, the remainder of the allegation as to any non-consenting and undisclosed person, is denied.

13. In response to paragraph number 13 of the Plaintiff's Complaint, the allegations is admitted.

14. In response to paragraph number 14 of the Plaintiff's Complaint, the allegations is admitted.

15. In response to paragraph number 15 of the Plaintiff's Complaint, the allegations is admitted as to the plaintiff; however, the remainder of the allegation as to any non-consenting and undisclosed person, is denied.

16. In response to paragraph number 16 of the Plaintiff's Complaint, the allegations is admitted.

17. In response to paragraph number 17 of the Plaintiff's Complaint, the allegations is admitted.

## Jurisdiction and Venue

18. In response to paragraph number 18 of the Plaintiff's Complaint, the allegations is admitted.

19. In response to paragraph number 19 of the Plaintiff's Complaint, the allegations are denied.

20. In response to paragraph number 20 of the Plaintiff's Complaint, the allegations are denied.

21. In response to paragraph number 21 of the Plaintiff's Complaint, the allegations is admitted as to the plaintiff; however, the remainder of the allegation as to any non-consenting and undisclosed person, is denied.

22. In response to paragraph number 22 of the Plaintiff's Complaint, the allegations is admitted as to the plaintiff; however, the remainder of the allegation as to any non-consenting and undisclosed person, is denied.

23. In response to paragraph number 23 of the Plaintiff's Complaint, the allegations is admitted.

Background Facts

24. In response to paragraph number 24 of the Plaintiff's Complaint, the allegations is admitted.

25. In response to paragraph number 25 of the Plaintiff's Complaint, the allegations is admitted.

26. In response to paragraph number 26 of the Plaintiff's Complaint, the allegations is admitted to the extent that some customers left additional tip(s); however, the remainder of the allegation is denied.

27. In response to paragraph number 27 of the Plaintiff's Complaint, the allegations is admitted.

28. In response to paragraph number 28 of the Plaintiff's Complaint, the allegations are denied.

29. In response to paragraph number 29 of the Plaintiff's Complaint, the allegations are denied.

30. In response to paragraph number 30 of the Plaintiff's Complaint, Defendant is without knowledge and therefore, denies same.

## Satisfaction of Conditions Precedent

31. In response to paragraph number 31 of the Plaintiff's Complaint, Defendant is denied as the allegation affirms compliance with a non-existent condition.

32. In response to paragraph number 32 of the Plaintiff's Complaint, the allegations are denied.

## Relevant Law

33. In response to paragraph 33 of the Plaintiff's complaint, this allegation calls for a legal conclusion and the allegation is therefore, denied.

34. In response to paragraph 34 of the Plaintiff's complaint, this allegation calls for a legal conclusion and the allegation is therefore, denied.

35. In response to paragraph 35 of the Plaintiff's complaint, this allegation calls for a legal conclusion and the allegation is therefore, denied.

## Collective Action Allegations

36. In response to paragraph 36 of the Plaintiff's complaint, this allegation calls for a legal conclusion and the allegation is therefore, denied.

37. In response to paragraph number 37 of the Plaintiff's Complaint, this paragraph contains no allegations and does not require a response.

38. In response to paragraph 38 of the Plaintiff's complaint, this allegation calls for a legal conclusion and the allegation is therefore, denied.

39. In response to paragraph 39 of the Plaintiff's complaint, this allegation calls for a legal conclusion and the allegation is therefore, denied.

40. In response to paragraph number 40 of the Plaintiff's Complaint, the allegations are denied.

41. In response to paragraph number 41 of the Plaintiff's Complaint, the allegations are denied.

42. In response to paragraph number 42 of the Plaintiff's Complaint, the allegations are denied.

43. In response to paragraph number 43 of the Plaintiff's Complaint, the allegations is admitted as to the plaintiff; however, the remainder of the allegation as to any non-consenting and undisclosed person, is denied.

44. In response to paragraph number 44 of the Plaintiff's Complaint, the allegations are denied.

45. In response to paragraph number 45 of the Plaintiff's Complaint, the allegations are denied.

46. In response to paragraph number 46 of the Plaintiff's Complaint, the allegations are denied.

47. In response to paragraph number 47 of the Plaintiff's Complaint, the allegations are denied.

48. In response to paragraph number 48 of the Plaintiff's Complaint, the allegations are denied.

49. In response to paragraph number 49 of the Plaintiff's Complaint, the allegations are denied.

50. In response to paragraph number 50 of the Plaintiff's Complaint, the allegations are denied.

51. In response to paragraph number 51 of the Plaintiff's Complaint, the allegations are denied.

52. In response to paragraph number 52 of the Plaintiff's Complaint, the allegations are denied.

53. In response to paragraph number 53 of the Plaintiff's Complaint, the allegations are denied.

54. In response to paragraph 54 of the Plaintiff's complaint, this is a duplicate of the allegation in paragraph 31 and therefore, is restated.

55. In response to paragraph 55 of the Plaintiff's complaint, this is a duplicate of the allegation in paragraph 30 and therefore, is restated.

56. In response to paragraph number 56 of the Plaintiff's Complaint, the allegations are denied.

## General Denial

57. Defendant denies every allegation, not specifically admitted in the foregoing, and demands strict proof thereof.

## Affirmative Defenses

58. The Complaint fails to state a claim upon which relief may be granted.

59. Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

60. Defendant states that the Plaintiff was at all times material hereto subject to exemption 7(i) to the FLSA.

61. Defendant states that the Plaintiff was at all times material hereto paid above the minimum wage.

62. The FLSA permits mandatory tip pooling which includes employees who are not employed in an occupation in which employees customarily and regularly receive tips, and therefore, the plaintiff is not entitled to the relief sought. Therefore, the employer created two tip pools. One for servers and related employees and another pool for Bartenders and related employees.

63. A compulsory service charge is not considered a tip, as a matter of law.

64. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

65. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

66. Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

67. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

68. Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff reported his time worked) at a rate authorized by the 7(i) exemption.

69. Without assuming the burden of proof, Defendant complied with all recordkeeping requirements of the FLSA.

70. Without assuming the burden of proof, Plaintiff and the alleged member(s)s of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability. Specifically, the restaurant in question, Level 6, has two tip pools one for Servers and related employees and aa second tip pool

for Bartenders and related employees. Both pools are different in nature and therefore are not similarly situated.

71. The claims of all non-consenting and undisclosed persons do not turn on the same questions of law or fact and therefore, a conditional certification and or collective action are not warranted or proper.

72. Plaintiff has failed to mitigate his alleged damages.

73. Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

WHEREFORE, Defendant seeks that all claims by the Plaintiff against Defendants be dismissed and such other and further relief, legal and equitable, including attorney's fees, be awarded to Defendant.

<u>Demand for Jury Trial</u>

Defendant demands a jury trial of all issues so triable.

Respectfully submitted,
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
*Counsel for Defendant*
100 SE Second Street, Suite 2100
Miami, Florida 33131
Telephone: 305-374-4400
Facsimile: 305-579-0261

By: <u>*/s/ Sergio R. Casiano, Jr., Esq.*</u>
    SERGIO R. CASIANO, JR.
    Florida Bar No.: 457302
    sergio.casiano@wilsonelser.com

**CERTIFICATE OF SERVICE**

I hereby certify that the on the 20th day of June 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court Southern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: */s/ Sergio R. Casiano, Jr., Esq.*
SERGIO R. CASIANO, JR.
Florida Bar No.: 457302
sergio.casiano@wilsonelser.com

**SERVICE LIST**
Brian H. Pollock, Esq.
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: 305-230-4884
brian@fairlawattorney.com
*Counsel for Plaintiff*