UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21586-WILLIAMS/GOODMAN

CHRISOVALANTOU ANASTASOPOULOS,

    Plaintiff,

vs.

INK 477 LLC,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Counsel for Plaintiff, Chrisovalantou Anastasopoulos, and for Defendant, Ink 477 LLC, after having met and conferred, submit the following Joint Scheduling Report pursuant to Local Rule 16.1B(2) and this Court's Order entered on May 1, 2024 [ECF No. 5]:

**(A)    The Likelihood of Settlement**

Settlement may be possible in this collective action seeking unpaid minimum wages/gratuities (plus liquidated damages, costs, and attorneys' fees) under the Fair Labor Standards Act.

**(B)    The Likelihood of Appearance in the Action of Additional Parties**

Plaintiff seeks to certify this collective action. It is therefore likely that additional parties will appear in this action as plaintiffs.

**(C)    Proposed Limits on Time**

  i. <u>To join other parties and to amend the pleadings</u>: by December 1, 2024

  ii. <u>To file and hear dispositive pre-trial motions</u>: by August 15, 2025

  iii. <u>To complete discovery</u>: by July 1, 2025

**(D)    Proposals for the Formulation and Simplification of Issues, Including the**

    **Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

    None at this time.

**(E)**   **The Necessity or Desirability of Amendments to the Pleadings**

    None anticipated at this time.

**(F)**   **The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence**

    The parties will utilize admissions of facts and stipulations regarding the authenticity of documents to avoid unnecessary proof.

**(G)**   **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

    None other than in (F), above.

**(H)**   **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

    It is likely that motions concerning discovery, costs, attorneys' fees, and sanctions or contempt (but not the trial on the merits) could be referred to a Magistrate Judge for resolution.

**(I)**   **A Preliminary Estimate of the Time Required for Trial.**

    A Preliminary estimate of the time required for trial is three days by jury.

**(J)**   **Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial**

    1.  **Trial** – November 3, 2025
    2.  **Pre-trial Conference** – Wednesday, October 29, 2025 at 9:30 a.m.
    3.  **Joint Pre-trial Stipulation** – Friday, September 15, 2025
    4.  **Motion in Limine deadline** – Friday, September 15, 2025
    5.  **Completion of Mediation** – Friday, July 8, 2025

**(K)**   **Any Issues Regarding:**

1. **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced**

    The Parties agree that ESI may exist subject to discovery or disclosure. Such ESI will be identified and preserved in native format; however, the initial production of such documents will be in searchable Word, Excel, .pdf, or .tiff format unless specifically requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

    The parties anticipate that they will produce electronically stored information relating to Plaintiff's days and hours worked and pay to him electronically, to the extent it exists. The electronic formats are likely to include those that can be opened by Microsoft Word, Microsoft Excel, and Adobe. With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that fall within the scope of discovery contemplated by Fed. R. Civ. P. 26(b)(1). The parties agree that such discussions may be used in connection with any motion to compel.

2. **Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

    If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared for all items withheld based on a claim of privilege or work product protection, except written communications between a named party and its counsel after the litigation became imminent or after the commencement of the action and documents created by counsel after litigation became imminent. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

    If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

        The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

3. **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

        The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)** **Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

        None at this time, although there are pattern jury instructions applicable to actions for unpaid minimum wages under the FLSA. There is no need for a variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure

        Respectfully submitted this 15th day of July 2024.

s/ Patrick Brooks LaRou  
Brian H. Pollock, Esq.  
Florida Bar No. 174742  
brian@fairlawattorney.com  
Patrick Brooks LaRou, Esq.  
Florida Bar No. 1039018  
brooks@fairlawattorney.com  
FAIRLAW FIRM  
135 San Lorenzo Avenue, Suite 770  
Coral Gables, Florida 33146  
Telephone: (305) 230-4884  
*Counsel for Plaintiff*

s/ Sergio R. Casiano  
Sergio R. Casiano, Jr., Esq.  
Florida Bar No. 457302  
sergio.casiano@wilsonelser.com  
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP  
100 S.E. Second Street Suite 2100,  
Miami, Florida 33131  
Telephone: (305) 374-4400  
*Counsel for Defendant*