UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21586-WILLIAMS/GOODMAN

CHRISOVALANTOU ANASTASOPOULOS,

      Plaintiff,

vs.

INK 477 LLC,

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR CONDITIONAL
<u>CERTIFICATION OF A COLLECTIVE ACTION</u>**

Plaintiff, Chrisovalantou Anastasopoulos, requests this Court to conditionally certify this case as a collective action against the Defendant, INK 477 LLC, and to permit her to send notice in the form and manner authorized by the Court to all other similarly situated current and former front-of-house tipped employees who worked for Defendant's restaurant known as "Level 6" since April 25, 2021, and to inform them of their opt-in rights pursuant to 29 U.S.C. §216(b). In support, Ms. Anastasopoulos states as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

## I.  NATURE OF RELIEF SOUGHT

A.  An Order conditionally certifying a Collective Action under §216(b) of the Fair Labor Standards Act for the proposed Putative Class, which defined as follows, and in paragraph 37 of the Complaint:

> All front-of-the-house tipped employees who worked at Level 6 in Coconut Grove, Florida any time during the three (3) years before filing the Complaint and up through the rendition of a judgment in this matter.

B.  An Order appointing Ms. Anastasopoulos as the representative of the Putative Class with authority to appear at any mediation/settlement conference for and to bind the Putative Class.

C.  An Order requiring that within 10 days, Defendant must format and produce electronically an Excel spreadsheet that contains for each member of the Putative Class one row containing in each column each person's full name, last known home address, cellular telephone number, and email address to facilitate the preparation and sending of the Notice;

D.  An Order permitting Ms. Anastasopoulos' counsel to send a Court-Approved Notice by email, text message, and U.S. Mail to all members of the Putative Class about their rights to opt into this collective action by filing a Consent to Join and to call/text each to ensure that they received the Notice and the Consent to Join;

E.  An Order permitting Ms. Anastasopoulos' counsel to send a Court-Approved Reminder Notice by email and by U.S. Mail to all Putative Class members and to call/text each to ensure that they received the Reminder Notice; and

F.  An Order requiring Defendant to post a notice in their break room for the entire notice period and to provide a copy of the Court-Approved Notice to all Putative Class members in the next paycheck/paystub to be issued to the members of the Putative Class presently employed by Defendant.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## II.  INTRODUCTION

Plaintiff, Chrisovalantou Anastasopoulos, brought this case under 29 U.S.C. §216(b) for herself and other similarly situated current and former front-of-house tipped employees of Defendant, which operates the "Level 6" restaurant, to address its failure to properly and fully distribute the tips, in violation of 29 U.S.C. §203(m)(2)(B). [ECF No. 1.] Ms. Anastasopoulos requests the Court to conditionally certify this case as a collective action and to authorize her to send notice of this lawsuit and a Consent to Join form to each member of the Putative Class – those similarly situated front-of-house tipped employees who worked for Defendant at Level 6 from April 25, 2021, to the present – pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA").

Ms. Anastasopoulos satisfies the minimal threshold for conditionally certifying this case as a collective action for notice and discovery under the FLSA. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). The allegations in the Complaint, coupled with the Declarations of Chrisovalantou Anastasopoulos and Dimitra Anastasopoulos, demonstrate that Defendant subjected them and the Putative Class to a uniformly applicable compensation policy that deprived them of the tips and/or overtips they earned in violation of the FLSA. The Declarations (Exhibits A & B), coupled with the Consent to Join form filed herein [ECF Nos. 31, 32], confirm that others "similarly-situated" desire to join this case and will benefit from the Court's supervision and the sending of Notice to each member of the Putative Class under 29 U.S.C. §216(b). The Putative Class is readily identifiable and sufficiently numerous, and their claims are readily calculable, further supporting the assemblage of a Collective Action.

## III.  PROCEDURAL HISTORY

Ms. Anastasopoulos filed this lawsuit on April 25, 2024 [ECF No. 1]. Defendant filed its Answers and Affirmative Defenses on June 21, 2024. [ECF No. 16]. Since then, another tipped former employee of Defendant who worked at Level 6 joined this case as an Opt-In Plaintiff. [ECF Nos. 31, 32]. Ms. Anastasopoulos now seeks to assemble a collective action for her FLSA claim to recover the tips improperly distributed, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §§203(m)(2)(B) and 216(b).

## IV.  RELEVANT FACTS

**The Named Plaintiff.** The Defendant employed Ms. Anastasopoulos as a server at Level 6 from approximately October 2 to December 24, 2022. (Declaration of Ms. Anastasopoulos as

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

Exhibit "A"); *see also* [ECF No. 1]. Ms. Anastasopoulos attests that Defendant did not pay her all the tips (overtips) she earned. (Exhibit "A".) She describes her job duties as attending to patrons at tables, taking food and drink orders, attending to their tableside needs, and the process by which patrons pay their bill, the automatic service charge imposed by Defendant, and the discretionary tips left for her at the time of dining. *Id.* Ms. Anastasopoulos attests that Defendant would then aggregate (or pool) the credit card tips but not properly or fully distribute the tips. *Id.* Through this lawsuit, Ms. Anastasopoulos seeks to recover the tips that Defendant either kept for itself or improperly distributed, as well as liquidated damages, attorneys' fees, and costs for herself and the other similarly situated tipped employees at Level 6.

**The Opt-In Plaintiff.** After Ms. Anastasopoulos filed this lawsuit, another Opt-In Plaintiff who also worked for Defendant as a front-of-house tipped employee joined this lawsuit. [ECF No. 31]. The Opt-In Plaintiff, Dimitra Anastasopoulos, is Plaintiff's sister. Dimitra Anastasopoulos provided a Declaration attesting to also having worked as a server at Level 6, to patrons leaving tips, and to Defendant either keeping or improperly distributing a portion of her tips to ineligible persons while working at Level 6. (Exhibit "B".) Like the Plaintiff, Dimitra Anastasopoulos attests that Defendant took control over, aggregated, and improperly distributed the credit card tips and that her paychecks did not contain all her share of all the tips she earned. *Id.* Dimitra Anastasopoulos attests that over 30 other people could join this lawsuit and that without the Court's involvement, current employees may not know of their rights under the FLSA, know about this lawsuit, or may be afraid to join out of fear of retaliation. *Id.*

**The Defendant.** The Defendant, INK 477 LLC, is a limited liability company that operates a restaurant at the top of a building on Main Highway in Coconut Grove, Florida, known as "Level 6". The Defendant admits to having employed Ms. Anastasopoulos as a non-exempt, "front-of-the-house tipped employee, particularly as a server, at Level 6." [*See* ECF No. 16 at ¶¶6, 7, 10, 14]. It also admits that Ms. Anastasopoulos is entitled to individual coverage under the FLSA and that it is subject to enterprise coverage under the FLSA. [ECF No. 16 at ¶¶8, 17].

**Defendant's Pay Practices.** Defendant collected a mandatory service charge from its customers as a percentage of the bill and allowed its customers to leave discretionary gratuities (tips) above the mandatory service charge. [ECF No. 16 at ¶¶24-25.] The Defendant admits that some customers left discretionary gratuities (tips) above the mandatory service charge. *Id.*, at ¶26.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Ms. Anastasopoulos alleges that she and Defendant's other tipped employees (servers, bussers, food runners, bartenders, barbacks, hosts, and hostesses) at Level 6 did not receive all the tips (overtips) they earned. [ECF No. 1 at ¶¶3, 11, 29, 39]. Ms. Anastasopoulos attests that she served customers who left tips/overtips. (Exhibit "A".) She goes on to explain that Defendant collected all the credit card tips but then failed to distribute all the tips collected from patrons in the weekly pay she received because Defendant either kept a portion of the tips for itself or improperly distributed tips to employees ineligible to receive tips. *Id.* Opt-in Plaintiff, Dimitra Anastasopoulos, likewise attests that after she had customers at Level 6 leave tips, she did not see her share of the tips reflected on her weekly pay stubs because Defendant either kept a portion of the tips for itself or improperly distributed tips to employees ineligible to receive tips. (Exhibit "B".) Defendant's records will confirm the amount that customers left in tips and/or overtips, the amount paid to the tipped employees, and the "missing" tips. Defendant is legally required to make and maintain records that would enable Ms. Anastasopoulos, the Court, and the jury to perform the necessary accounting to track the tips by 29 C.F.R. §§516.2 and 516.28. Therefore, Defendant's uniform pay practices are appropriately litigated in a collective action setting.

## V.  THE LAW

Congress enacted the FLSA in 1938 to ensure that every employee receives "a fair day's pay for a fair day's work." *A.H. Phillips v. Walling*, 324 U.S. 490, 493 (1945) (quoting address to Congress by Franklin D. Roosevelt in 1937). The FLSA "establishes federal minimum-wage, maximum hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013). Ms. Anastasopoulos now requests that the Court permit her to send notice of this lawsuit to those similarly situated to her so that they can join in this lawsuit and recover the tips, liquidated damages, attorneys' fees and costs owed to them based on Defendant's systemic violation of 26 U.S.C. §203(m)(2)(B) in a collective action under 29 U.S.C. §216(b).

### A.    All Tips Belong To Tipped Employees.

The FLSA precludes employers from taking any part of the tips earned by their tipped employees. 29 U.S.C. §203(m). "Tipped employees" are defined as employees engaged in occupations that "customarily and regularly" receive more than $30.00 per month in tips. 29 U.S.C. § 203(t).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

Congress amended 29 U.S.C. §203(m) in April of 2018 to specifically codify the prohibition against employers retaining any portion of the tips (or overtips) earned by their employees at 29 U.S.C. §203(m)(ii)(B), which states as follows:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**. [*Emphasis added*.]

At the same time, Congress also amended 29 U.S.C. §216(b) to specify the damages recoverable when an employer improperly keeps or distributes tips:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected **in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages**. An action to recover [for such] liability ... may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees **for and in behalf of himself or themselves and other employees similarly situated**. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. [*Emphasis added*.]

*Crowell v. M St. Entm't, LLC*, 2022 WL 3438074, at *4 (M.D. Tenn. Aug. 16, 2022) (conditionally certifying collective action). Since April 2018, the FLSA has specifically allowed affected employees to recover as damages the tips employers improperly retain or distribute, regardless of whether employers pay more than the applicable minimum wage or take a tip credit. Tips are treated the same whether they are used to satisfy any "tip credit" taken or are above the "tip credit". *Nail v. Shipp*, 2019 WL 3719397, at *8 (S.D. Ala. Aug. 6, 2019) ("tips [in excess of the tip credit] are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act.") (*quoting* 29 C.F.R. §531.60).

**B.    Collective Actions Authorized For Tip Confiscations.**

The FLSA authorizes an employee to bring an action on behalf of oneself and others similarly situated to recover "all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages… for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). "Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by

a claimed violation or violations of the FLSA by a particular employer." *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003). Certification under 216(b) consists of a first-stage, or "notice stage," certification and a possible second-stage, or "decertification," determination afterwards. *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003). Courts routinely certify collective actions involving tip pool violations. *See Rosell v. VMSB, LLC*, 2020 WL 7767879, at *1 (S.D. Fla. July 7, 2020); and *Compere v. Nusret Miami, LLC*, 391 F. Supp. 3d 1197 (S.D. Fla. 2019). Moreover, §216(b) specifically contemplates collective action treatment of tip confiscation claims involving §203(m)(2)(B).) Not surprisingly, courts properly grant conditional certification for tip confiscation claims. *See Collado v. 450 N. River Drive, LLC*, 2023 WL 4251018 at *4 (S.D. Fla. June 29, 2023) (conditionally certifying collective action involving claims that, "Defendants' tip distribution policies violated their FLSA rights."); and *Heller v. Curaleaf Holdings, Inc.*, 2024 WL 3201207, at *6 (N.D. Ill. June 27, 2024) (certifying collective action or "tip theft" under 29 U.S.C. §203(m)(2)(B.)

## VI.  ARGUMENT FOR CONDITIONAL CERTIFICATION

This case is properly certified as a collective action due to the tip confiscation practice at issue, the demonstrated interest by the Opt-In Plaintiff similarly situated to Ms. Anastasopoulos, the common defenses, the uniform pay practice at issue, and the policy reasons supporting conditional certification. The burden on Ms. Anastasopoulos is "not heavy" and she can meet it through "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996); *Hipp*, 252 F.3d at 1218-19. As outlined in more detail below, conditional certification of Ms. Anastasopoulos' FLSA tip confiscation claim is appropriate.

The issue in this case is whether Defendant violated the FLSA by improperly retaining or distributing the tips (overtips) it collected from customers in violation of 29 U.S.C. §302(m)(2)(B). Once Ms. Anastasopoulos establishes that Defendant has violated §203(m)(2)(B), she will have established that Defendant also violated §203(m)(2)(B) for the other similarly situated tipped employees. Ms. Anastasopoulos will rely on the same documentary and testimonial evidence to establish the Defendant's liability under §216(b) for violating §203(m)(2)(B), at which point the damages to each member of the Putative Class becomes a function of math. Therefore, this case will be a prototypical FLSA collective action in which proving that the Defendant is liable to Ms.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Anastasopoulos also proves that it is liable to the Putative Class. Under a similar fact pattern involving allegations by a front-of-the-house employee that tips were improperly retained or distributed, this Court conditionally certified a collective action. *See Collado*, 2023 WL 4251018.

A.   **What Is Not Presently At Issue.**

At this stage of the proceedings, the Court properly abstains from evaluating the merits of Ms. Anastasopoulos' FLSA claim, from inquiring into factual disputes, or from evaluating the credibility of the evidence in analyzing whether Ms. Anastasopoulos and others are similarly situated. *Wright v. Waste Pro USA, Inc.*, 2020 WL 8641581, at *3 (S.D. Fla. Dec. 22, 2020), *reconsideration denied*, 2021 WL 1290299 (S.D. Fla. Apr. 6, 2021) (collecting cases). "At the notice stage, courts ordinarily do not engage in credibility determinations." *Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1284 (S.D. Fla. 2012) (quoting *Reyes v. AT & T Corp.*, 801 F. Supp. 2d 1350, 1358 (S.D. Fla. 2011) ("The Court's role is in keeping with the practical approach which shuns credibility battles at the first stage.")

B.   **Ms. Anastasopoulos Satisfies The *Minimal* Burden For Certification.**

The first step in the collective action process–the Notice Stage–involves the Court conditionally certifying the collective action and authorizing Ms. Anastasopoulos, through counsel, to send to others similarly situated to him the designated notice about the pendency of this lawsuit and the right to opt-in so that they are informed of their rights to opt into the action and, for current employees, of the right to be free from retaliation. *See Hipp*, 252 F.3d at 1219; *see also Grayson v. Kmart*, 79 F.3d 1086, 1097 (11th Cir. 1996). The second step of the two-tiered procedure generally occurs after the close of discovery, usually on a defendant's motion for decertification, when the Court has ample information and to make a factual determination on the similarly situated question. Therefore, Ms. Anastasopoulos will focus on Stage I considerations at this time.

At this preliminary Stage I, the Court's determination is "usually based only on the pleadings and any affidavits which have been submitted." *Hipp*, 252 F.3d at 1218. Because of the minimal evidence available at this stage and the lack of discovery, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* (internal citations omitted).

To assemble a collective action under the FLSA, "an employee need only show that he is suing his employer for himself and on behalf of other employees 'similarly situated.'" *Grayson*, 79

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

F.3d at 1096; *Aguirre v. Aventura's Finest Hand Car Wash at Gulfstream Park, Inc.*, 2014 WL 3721360 (S.D. Fla. July 25, 2014). Ms. Anastasopoulos satisfies the Notice Stage considerations by showing that others who held positions that were similar, but not identical, to him joined this lawsuit. Ms. Anastasopoulos must also provide evidence that co-workers were similarly affected by an improper company-wide pay policy in violation of the FLSA. *See Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at *2 (S.D. Fla. May 17, 2006) ("The Defendant complains about the lack of limits-such as a specific job title, job duty, or geographic location-placed on the class definition, but its objection ignores the nature of the Plaintiff's allegation. What the Plaintiff alleges is a company-wide pay policy with the uniform result that the final pay of all laborers is lower than it should. While each laborer may have worked different hours of overtime or at different locations, they were all similarly affected."). Consequently, Ms. Anastasopoulos satisfies each of the foregoing elements, making the assemblage of a collective action proper.

1. ***Interest by Ms. Anastasopoulos' former co-workers is more than sufficient for conditional certification.***

With respect to the first factor, *i.e.*, whether other similarly situated employees desire to opt into the lawsuit, the Consent to Join filed herein satisfies this standard. [ECF No. 31]. Plus, Ms. Anastasopoulos offers her Declaration and the Declaration of Dimitra Anastasopoulos, both of whom worked at Level 6, received tips, and attest that Defendant failed to properly distribute all the tips that they earned. (Exhibits "A" and "B".) Conditional certification is proper when a Court is presented with testimony from one other person, besides the named plaintiff, who desires to opt into a collective action. *See Chen v. Wow Rest. TH, LLC*, 2023 WL 3976005, at *3 (M.D. Fla. June 13, 2023) (conditionally certifying collective action for server and one other opt-in ); *Wynder v. Applied Card Systems, Inc.*, 2009 WL 3255585 (S.D. Fla. 2009) (granting conditional certification of an FLSA collective action based upon two affidavits – one from the named plaintiff and one from an opt-in plaintiff); *see also Guerra, supra*, at *4 ("the Affidavit of Mr. Vidales shows that at least one other co-worker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation."). Sufficient interest in this suit by another former employee and her Declaration (of Dimitra Anastasopoulos) satisfies the "sufficient interest" standard.  [ECF No. 31].

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

2.    ***Numerous other employees are similarly situated to Ms. Anastasopoulos with respect to their job requirements and pay provisions.***

Ms. Anastasopoulos and the Opt-In Plaintiff are similarly situated, also favoring conditional certification. District courts consider the following five factors in determining that members of a collective are similarly situated: (1) whether the plaintiffs held the same job title; (2) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (5) the degree to which the actions constituting the violations are similar. *Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 480 (S.D. Fla. 2018). No single factor is dispositive.

Ms. Anastasopoulos need only show that her position was similar, but not identical, to the positions held by the putative class members at this early stage of the certification process. *See Smith v. Tradesmen Intern., Inc.* at 1372. "So long as the tasks are similar, not identical, class treatment is appropriate." *Pendlebury v. Starbucks Coffee Co.*, 518 F. Supp. 2d 1345, 1355 (S.D. Fla. 2007) (citing *Anderson v. Cagles, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007)).

Ms. Anastasopoulos satisfies this standard with the allegations in the Complaint, coupled with her Declaration and the Declaration from her former co-worker and sister. Regarding the Court's analysis, Chrisovalantou Anastasopoulos and Dimitra Anastasopoulos declare that: (1) they worked at Defendant's restaurant, Level 6 (in Coconut Grove); (2) during the past three years, they interacted with Defendant's customers by attending to them at their tables; (3) Defendant's customers left tips beyond the mandatory service charges; and (4) they received some, but not all, of their share of the tips that their customers intended for them to receive, thereby suffering the same FLSA violations by Defendant of improperly retaining tips or distributing tips to ineligible employees. (Exhibits "A" and "B"). Chrisovalantou and Dimitra Anastasopoulos performed the same job duties, under the same job title, subjected to the same pay practices, and suffered the same harm – with the only material difference relating to the amount of tips/damages at issue. *Id.*

"Plaintiffs at the conditional-certification stage are therefore not required to demonstrate a unified, explicit scheme of FLSA violations, but rather must show only that they are similarly situated with respect to general workplace policies and practices." *Alequin v. Darden Restaurants, Inc.*, 2013 WL 3939373, at *6 (S.D. Fla. July 12, 2013). Satisfying this standard, Chrisovalantou and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Dimitra Anastasopoulos attest that although they served customers at Level 6 who left tips for them, Defendant either confiscated or distributed some of those tips to ineligible employees. (Exhibits "A" and "B").

Questions of law or fact common to Ms. Anastasopoulos, the Opt-In Plaintiff, and Defendant's other tipped employees predominate in this case. Ms. Anastasopoulos' claims are typical of the claims of Defendant's other front-of-house employees such as servers, bussers, food runners, bartenders, barbacks, hosts, and hostesses employed at Level 6 since April 25, 2021. Ms. Anastasopoulos and the Putative Class also have significant, common issues that predominate over any individualized inquiries, including:

1) Whether Defendant is subject to the provisions of the FLSA;

2) Whether Defendant controlled and aggregated the discretionary gratuities (tips/overtips) left by customers into a pool;

3) Whether Defendant improperly confiscated any of the tips (overtips);

4) Whether Defendant improperly distributed any of the tips (overtips) to supervisory or managerial employees who were not entitled to receive tips;

5) The amount of the tips (overtips) that Defendant either improperly confiscated or distributed during each workweek at issue;

6) Who received the tips (overtips) that Defendant either improperly confiscated or distributed during each workweek at issue;

7) Whether Defendant had a good faith and reasonable belief for not paying all the tips (overtips) due to Ms. Anastasopoulos, the Opt-In Plaintiff, and the Putative Class; and

8) Whether Ms. Anastasopoulos, the Opt-In Plaintiff, and the Putative Class are entitled to recover liquidated damages in an amount equal to the unpaid/underpaid tips.

Although subtle differences between the claims to be made by each member of the Putative Class of employees may exist, these minute differences do not preclude the Court from conditionally certifying the Putative Class. *Pena v. Handy Wash, Inc.*, 28 F. Supp. 3d 1289 (S.D. Fla. 2014) (Conditionally certifying class of drivers with subtle differences who claimed to have been denied overtime wages); *see also Lam v. BVN 16, LLC*, 2023 WL 11878192, at *8 (S.D. Fla. Sept. 5, 2023) (conditionally certifying collective action for front of the house restaurant employees).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

**C.      More People Will Join The Lawsuit Once Notified.**

Other tipped employees similarly situated to Ms. Anastasopoulos will join this lawsuit once they receive notice. Without the Court authorizing notice, another former employee has already joined this lawsuit and has expressed that at least thirty (30) additional employees of the Defendant may also be interested in joining. The Declarations offered by Chrisovalantou Anastasopoulos and Dimitra Anastasopoulos provide the Court with sufficient record evidence that others similarly situated will join this lawsuit once notified. (Exhibits "A" and "B"); *compare Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 480 (S.D. Fla. 2018) (quoting *Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1283 (S.D. Fla. 2012).) The Declarations provide evidence that: (1) over 30 similarly situated persons worked at Level 6 as servers, bussers, food runners, bartenders, barbacks, hosts, and hostesses; (2) all such persons were subjected to the same pay practices; and (3) other servers, bussers, food runners, bartenders, barbacks, hosts, and hostesses will likely join this lawsuit once they are notified about their rights and this lawsuit to recover the tips owed to them.

**D.      Preliminary Certification Is Efficient.**

Conditional certification will serve the broad remedial purpose behind the FLSA by notifying members of the Putative Class who may not otherwise be aware of their rights. *See Hoffman-LaRoche, Inc.*, 493 U.S. at 170-71 (noting that collective actions allow plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources," and preserve judicial economy "by efficient resolution in one proceeding of common issues of law and fact arising from the same discriminatory activity.") In *Hoffman-La Roche, Inc.*, the United States Supreme Court ruled that trial courts not only have authority to compel defendant-employers to provide the names and addresses of potential Plaintiffs through the pre-trial discovery process, but that this authority also included the ability to require the sending of court-authorized consent forms to members of the Putative Class. *See id.* District Courts have discretion to take the appropriate action in FLSA cases such as this one to implement the purpose behind 29 U.S.C. §216(b) by facilitating notice to potential plaintiffs. *See id* at 486. This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *Id*. Court-supervised notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cut-off dates to expedite the disposition of the action. *Id*. at 487. Additionally, the benefits of the collective action provisions of 29 U.S.C. §216(b) "depend on employees receiving accurate

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

and timely notice concerning the pendency of the collective action so they can make informed decisions about whether to participate." *Id*. at 486.

> "Where discovery has not been completed, the typical result is that the motion is granted." *Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003)(quoting *Hipp*, 252 F.3d at 1216). *See also Morgan*, 551 F.3d at 1262 (stating that "detailed pleadings and affidavits" may suffice to demonstrate reasonable basis that other employees are "similarly situated" and refusing to "hold that the [relatively substantial] amount of discovery that preceded the first-stage certification here is required").

*Bennett*, 880 F. Supp. 2d at 1283. *See also Morgan*, 551 F.3d at 1262 (stating that "detailed pleadings and affidavits" may suffice to demonstrate reasonable basis that other employees are "similarly situated" and refusing to "hold that the [relatively substantial] amount of discovery that preceded the first-stage certification here is required"). In this case, the parties have not yet begun, let alone completed discovery, which further favors conditional certification.

###### E.    The Policy Reasons Support Preliminary Certification.

The FLSA establishes that an action for unpaid overtime wages, "may be maintained... by any one or more employees for and on behalf of himself and themselves and other employees similarly situated." 29 U.S.C. §216(b); *see also Dybach*, 942 F.2d. at 1566. So-called "collective actions" provide workers an opportunity to, "lower individual costs to vindicate rights by pooling resources," and enable the "efficient resolution in one proceeding of common issues of law and fact..." *Hoffmann-La Roche v. Sperling*, 493 U.S. 169, 170 (1989). Collective actions allow Courts to avoid the burdens posed by deciding a series of nearly identical individual suits involving claims arising from the same pay practices by the same employers. The collective action mechanism safeguards against inconsistent decisions and against employers spreading misleading information to the putative class members by assuring that the notifications to and joinder of additional parties are managed by the Court, promoting efficiency in the discovery process, and expediting resolution. *See e.g., Id.* at 170-72; *see also Garner v. G.D. Searle Pharm. & Co.*, 802 F. Supp. 418, 427 (M.D. Ala. 1991).

In furtherance of the FLSA's "broad remedial purpose", Courts supervise notifying potential opt-in plaintiffs of their right to join an existing action early in the proceeding. *Hoffmann-La Roche*, 493 U.S. at 169. The prompt issuance of notice after a case is filed is necessary because the FLSA's statute of limitations continues to run for each individual class member until that

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

affected individual files a written consent to join form with the Court. 29 C.F.R. §790.21(b)(2); *Grayson*, 79 F.3d at 1105-06. The damages and liquidated damages available to putative class members who have not yet joined this action decrease for each day that passes, absent tolling. Thus, Ms. Anastasopoulos seeks permission to notify Putative Class members of their rights as soon as possible so that they can decide whether to join this proceeding, return their consent to join forms to the undersigned to be filed herein, toll the limitations period, and be bound by any settlement reach or the Court's findings.

        F.     **A Three-Year Notice Period Is Proper.**

The FLSA permits affected employees to recover for up to three-years of back wages, albeit not in every case. In line with the notion that the Court does not rule on the merits of the case at the conditional certification stage,[1] the Court also properly allows Ms. Anastasopoulos to send notice to the Putative Class who worked for Defendant since April 25, 2021:

> The Court concludes that it is prudent to "err[ ] on the side of overinclusiveness and d[oes] not want to exclude potential claimants prematurely." *Pendlebury v. Starbucks Coffee Co.*, 2008 WL 700174, at *4 (S.D. Fla. Mar. 13, 2008). Accordingly, this Court will permit notice of the action to be sent to individuals who worked for Defendants extending back to three years prior to the filing of the Amended Complaint, at this time.

*Blake v. Batmasian*, 208 F. Supp. 3d 1292, 1295 (S.D. Fla. 2016). Consequently, those who receive notice of this action should include the captains, servers, and bussers who worked for Defendant since April 25, 2021. *See e.g.*, *Leo v. Sarasota County Sch. Bd.*, 2017 WL 477721, at *3 (M.D. Fla. Feb. 6, 2017) (three-year notice period); and *Martinez v. DHL Express (USA) Inc.*, 2016 WL 455394, at *9 (S.D. Fla. Feb. 5, 2016) (three-year notice period). This three-year notice period is appropriate given the allegations in the Complaint and the Declarations. *Hu v. Windhaven Ins. Co.*, 8:15- 2016 WL 7177618, at *5 (M.D. Fla. Feb. 16, 2016) ("Because the question of willfulness requires a fact intensive inquiry as to what Defendants knew or simply disregarded, the Court does not ordinarily address the statute of limitations at the notice stage."); and *Pares v. Kendall Lakes Auto., LLC*, 2013 WL 3279803, at *10 (S.D. Fla. June 27, 2013).

---

[1]    *Devries v. Morgan Stanley & Co. LLC*, 2014 WL 505157, at *7 (S.D. Fla. Feb. 7, 2014) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations".)

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

### G. Disclosures and Notice Should Be Expedited.

Since the limitations period applicable to the Putative Class members continues to run until they file their Consents to Join in this action or file their own lawsuit(s), Ms. Anastasopoulos requests that the Court require Defendant to provide the names, last known addresses, telephone numbers, and email addresses for each similarly situated employee who worked from Defendant since April 25, 2021–within 10 days from any Order entered by the Court–and while the parties negotiate the terms of any Notices to be distributed.

Ms. Anastasopoulos further requests that Defendant be required to format and produce, on this expedited basis, the list in an Excel spreadsheet, with each Putative Class member listed alphabetically (by last name) in rows from "A" to "Z." Ms. Anastasopoulos requests that this Excel spreadsheet be formatted to include separate columns containing each person's first and last name, last known home address, cellular telephone number, and email addresses to facilitate the preparation and mailing of the approved notice. *See Vasquez v. Scotts Co. LLC*, 2017 WL 3154775, at *3 (S.D. Fla. July 25, 2017) ("the Defendants shall produce to the Plaintiffs a computer readable data file containing the names, addresses, telephone numbers, and e-mail addresses of all members of the conditional collective action.")

The information at issue is readily available to the Defendant, is not difficult to produce, and is required to be produced pursuant to Rule 26(a), Fed R. Civ. P. before discovery is requested and irrespective of class certification. Rule 26(a) of the Federal Rules of Civil Procedures expressly provides in pertinent part:

> **(a) Required Disclosures.**
> (1) Initial Disclosures.
> (A) In General. … a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

The requested information is clearly discoverable in this case and should be produced as expeditiously as possible. *See Pares v. Kendall Lakes Auto., LLC*, 2013 WL 3279803 (S.D. Fla. 2013); *Disimone v. Atlantic Services, Inc.*, 09-CV-804602 (S.D. Fla. Dec. 29, 2009 at DE 7); and *Donahay v. Palm Beach Tours & Transp., Inc.*, 2007 WL 1119206, *1 (S.D. Fla. Apr. 16, 2007).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

It is the Court's responsibility to ensure that notice is provided in an "efficient and proper way" to Putative Class members. *Hoffmann-La Roche*, 493 U.S. at 170-71. Ms. Anastasopoulos requests permission to send notice by email, text message, and by U.S. Mail to each member of the Putative Class and to require Defendant to post Notice of this action at a conspicuous place at their business location (where the employment law posters are displayed) as well as to provide a copy of the Notice and Consent to Join form in the next paycheck/pay stub provided to the similarly situated servers, bussers, food runners, bartenders, barbacks, hosts/hostesses, and other front-of-house tipped employees currently employed by Defendant to help ensure that each member of the Putative Class is timely notified of his/her rights to participating in this lawsuit. *See Peña, supra.* Ms. Anastasopoulos also requests the ability to send out a reminder letter halfway through the opt-in period (Exhibit "E") and to call/text each member of the putative class after sending the notices and after sending the reminder postcard/letter notices to ensure that each member of the Putative Class actually received the notices. *See Caamano v. 7 Call Ctr. Inc.*, 2016 WL 4704934 (S.D. Fla. Sept. 8, 2016) (granting permission to send notices by email and a reminder notice).

1. ***Emailing of the notice is proper.***

Email is an efficient, effective, and non-intrusive means of providing legal notice of one's rights. To put the request to provide email notice in context, such notice was determined to be an efficient and effective means for the Florida Department of Corporations to notify all Florida corporations of the requirements to timely file an annual report. (https://efile.sunbiz.org/ubrintro.html.) Email is also now the preferred method for Courts in this State to communicate with litigants. Not surprisingly, Courts within this District routinely determine that notice of a pending FLSA collective action is properly sent by email:

> Plaintiffs are correct in noting that courts in this Circuit commonly approve email notice to potential opt-in class members in FLSA cases. *See Cooper v. E. Coast Assemblers, Inc.*, 2013 WL 308880, at *4 (S.D. Fla. Jan.25, 2013); *Stuven v. Texas deBrazil (Tampa) Corp.*, 20 Wage & Hour Cas.2d (BNA) 1110, at *6 (M.D. Fla. 2013) (declining to impose a presumption that regular mail is the preferred method of notice, and finding that email is not too intrusive); *Pittman v. Comfort Sys. USA (Se.), Inc.*, 2013 WL 525006, at *2 (M.D. Fla. Feb.13, 2013) ("conclud[ing] that communication through email, in addition to regular mail, is fair and proper notice"). The Court agrees that email is an efficient and nonintrusive method of communication.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

*Alequin v. Darden Restaurants, Inc.*, 2013 WL 3945919 (S.D. Fla. July 31, 2013); *see also Cooper v. E. Coast Assemblers, Inc.*, 2013 WL 308880 (S.D. Fla. 2013) (the Court concludes that Plaintiff's counsel may email the Notice in addition to its mailing). Other courts also have determined email to be an effective and efficient means of providing notice of an FLSA action. *See Palma v. Metropcs Wireless, Inc.*, 2014 WL 235478 (M.D. Fla. 2014) ("A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class.") (citations omitted); *Hubbard v. Jerry's Seamless Guttering, Inc.*, 2020 WL 6038110, at *3 (S.D. Fla. Oct. 6, 2020).

### 2.    *Text notification is proper.*

Due to the prolific use of cell phones as the primary means of communicating, Courts find that sending notice of a collective action by text message is appropriate. *Martin v. Partsbase Inc.*, 2020 WL 13389358, at *8 (S.D. Fla. May 14, 2020) ("and I find that it is appropriate to allow Plaintiff to send notice by text message"). "The Court finds that it is appropriate for notice to be sent via first class mail, e-mail, and text message." *Johnson v. Lazer Spot, Inc.*, 2024 WL 227799, at *9 (N.D. Ga. Jan. 19, 2024) (citing *Campo v. Granite Services Int'l, Inc.*, 2022 WL 212205, at *9 (N.D. Ga. Jan. 24, 2022) ("In these circumstances, notice by e-mail and text message may be the best means of reaching the collective members.") With the prevalence of cellular telephones, and the reliance on cellular telephones as the primary telephone numbers (even foregoing traditional land lines at home), people are more likely to be tracked down by their cellular phones than through the mail. *Deatrick v. Securitas Sec. Services USA, Inc.*, 2014 WL 5358723, at *5 (N.D. Cal. 2014) ("The Court is persuaded that notice by mail, including the issuance of reminder postcards and telephone numbers to facilitate tracing potential class members if mailings are returned as undeliverable, is the most appropriate method to effectuate notice in this case.") While not necessarily prevalent in this District, Courts have for years recognized that text messaging is an effective means of contacting employees about their rights.

> But privacy and data manipulation concerns do not prevent Defendants from communicating with their employees via text message regarding administrative matters; indeed, the evidence before the Court suggests that text messaging is Defendants' preferred method of employee communication. (Deck of Shawn Clark, dated Sept. 5, 2014, Doc. No. 23, Ex. 2; Mem. Certify 9.) Here, given the high turnover characteristic of the restaurant industry, the Court finds that notice via text message is likely to be a viable and efficient means of communicating with many prospective members of this collective action. *See Chamorro v. Bahman Ghermezian,* No. 12–cv–8159 (TPG), ECF No. 17 ¶ 5 (S.D.N.Y. Feb. 25, 2013) (authorizing dissemination of FLSA § 216(b) notice via text message); *see also McKinzie*

17

*v. Westlake Hardware, Inc.*, No. 09–cv–796 (FJG), 2010 WL 2426310, at \*5 (W.D.Mo. Jun. 11, 2010) (ordering defendant to provide cellular phone numbers following conditional certification). Accordingly, the Court finds that Plaintiffs may provide notice to potential opt-in Plaintiffs via a text message.

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, 2015 WL 4240985, at \*5 (S.D.N.Y. July 13, 2015). "Simply put, email, text message and other electronic means of communication is far more prevalent than snail mail, whether fortunately or not." *Millin v. Brooklyn Born Chocolate, LLC*, 2020 WL 2198125, at \*3 (E.D.N.Y. May 6, 2020) ("There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA"); *accord Rieske v. Gov't Employees Ins. Co. Inc.*, 2022 WL 17127745 (E.D.N.Y. Nov. 22, 2022).

Ms. Anastasopoulos requests that the Court permit her to send a text message to each member of the Putative Class to simply inquire whether each received the Notice packet. This can be done through a simple script, such as:

> "This is attorney Brian Pollock from the FairLaw Firm. The Court authorized me to confirm you received the Notice packet by email and/or U.S. regarding a pending collective action lawsuit against INK 477 LLC d/b/a Level 6 Mail. If you did not receive the Notice packet, then please respond to this text message, send an email to brian@fairlawattorney.com, or call my office at 305.230.4884 to request a copy of the Notice packet."

### 3.    *Mailing the Notice is proper.*

Mailing is an effective and efficient means of providing notice of a pending FLSA collective action, even when other means of notice are being provided. *See e.g.*, *Alequin*, 2013 WL 3945919 at \*2; and *Cooper*, 2013 WL 308880 ("Plaintiff's counsel may email the Notice in addition to its mailing").

### 4.    *Defendant's Posting and Provision of Notice is Proper.*

Ms. Anastasopoulos requests that the Court require Defendant to post the Notice (Exhibit "C") at a conspicuous location in Level 6 frequented by its employees (such as where Defendant posts its notices to employees) and require Defendant to include a copy of the Notice (Exhibit "C") and Consent to Join Form (Exhibit "D") with the next paycheck/paystub issued to each of its employees at Level 6 who has at any time since April 25, 2021, worked as a server, busser, food runner, bartender, barback, host, or hostess, and to then provide Ms. Anastasopoulos with a Declaration attesting to the completion of this task. *See Collado*, 2023 WL 4251018, at \*5 . Requiring

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Defendant to post a notice within their business location and to include a copy of the Notice and Consent to Join with paychecks / paystubs will provide those employees who have not updated their addresses with Defendant notice of their rights. *Caamano*, 2016 WL 4704934, at *4 ("The Court also finds that posting a Notice in a break room or common employee area is appropriate.") (citing *Martinez v. DHL Express (USA) Inc*, 2016 WL 455394, at *9 (S.D. Fla. Feb. 5, 2016) ("The Court finds the means of transmitting the Proposed Notice appropriate.") (collecting cases).

### 5. *A Reminder Notice is Proper.*

Besides sending notice of this action by email, text message, and U.S. Mail, Ms. Anastasopoulos requests permission to send a reminder notice to members of the putative class by email, text message, and U.S. Mail at the halfway point in the Notice Period. Ms. Anastasopoulos' request is not out of the ordinary, as Courts consistently permit such a reminder notice to ensure that putative class members are aware of their rights and the time within which to exercise them. *See  Caamano v. 7 Call Ctr. Inc.*, 2016 WL 4704934 (approving reminder halfway through notice period) *Martinez*, 2016 WL 455394, at *9; *Hubbard*, 2020 WL 6038110, at *3.

Considering the FLSA's remedial purposes and the many cases explicitly permitting FLSA plaintiffs to send a reminder notice, Ms. Anastasopoulos submits that the Court should permit her to send the Putative Class reminder notices to ensure that each member is aware of his/her rights and the applicable deadlines within which to exercise them halfway through the notice period. *See Collado*, 2023 WL 4251018, at *6 (authorizing reminder notice halfway through notice period). The proposed Reminder Notice is appended hereto as Exhibit "E".

### H. *A 90-Day Notice Period Is Appropriate.*

Ms. Anastasopoulos requests that the Court require those who seek to join in this action to return their Consents to Join within 90 days of the mailing/emailing/posting of the Notice. *See Hubbard v. Jerry's Seamless Guttering, Inc.*, 2020 WL 6038110, at *4 (S.D. Fla. Oct. 6, 2020) (90-day notice period); *Flete v. All Am. Facility Maint. Inc.*, 2020 WL 5534270, at *4 (S.D. Fla. July 13, 2020) (same); *Schumann v. Collier Anesthesia, P.A.*, 2013 WL 645980, at *4 (M.D. Fla. Feb. 21, 2013) (same).

## VII.  CONCLUSION

Ms. Anastasopoulos respectfully requests that the Court conditionally certify this case as a collective action comprised of all servers, bussers, food runners, bartenders, barbacks, hosts, and/or hostesses who worked for Defendant from April 25, 2021, to the present at Level 6, who received

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

tips from the "tip pool" controlled by Defendant, and to award the following additional relief:

      a.      To appoint Ms. Anastasopoulos as the Representative of the Class with authority to negotiate and appear at settlement conferences/mediations for the Class;

      b.      To appoint Brian H. Pollock, Esq. of the FairLaw Firm as lead counsel for the Class;

      c.      To require that within 10 days hereof, Defendant format and produce electronically an Excel spreadsheet that contains for each member of the Putative Class one row containing in each column each person's full name, last known home address, cellular telephone number, and email address to facilitate the preparation and sending of notice;

      d.      To permit Ms. Anastasopoulos to send notice by email, text message, and by U.S. Mail to each member of the Putative Class in the form appended hereto as Exhibit "C," with a proposed opt-in / Consent to Join form as Exhibit "D";

      e.      To require Defendant to post the Notice appended hereto as Exhibit "C" in a conspicuous place at Level 6 in either an employee break room, next to the Minimum Wage Notice posters located in Defendant's places of business, or other conspicuous location routinely visited by Defendant's tipped employees at Level 6 (and declare doing this);

      f.      To require Defendant to include a copy of the Notice and the proposed opt-in / Consent to Join form in the next paycheck/paystub provided to all current servers, bussers, food runners, bartenders, barbacks, hosts, and/or hostesses (and provide Ms. Anastasopoulos with a Declaration attesting to completion);

      g.      To permit Ms. Anastasopoulos to send out a letter/email/text message reminding members of the Putative Class of their right to join in this lawsuit and the deadline for same (Exhibit "E");

      h.      To text/call each member of the Putative Class to ensure that each received the Notice and then the reminder; and

      i.      To award such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that defense counsel did not agree to the relief herein.

Respectfully submitted this 18th day of October 2024.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*