UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21586-WILLIAMS/GOODMAN

CHRISOVALANTOU ANASTASOPOULOS,

      Plaintiff,

vs.

INK 477 LLC,

      Defendant.
_____/

## **DECLARATION OF CHRISOVALANTOU ANASTASOPOULOS**

I, Chrisovalantou Anastasopoulos, make the following declaration pursuant to 28 U.S.C. §1746 and declare as follows:

1. My name is Chrisovalantou Anastasopoulos.

2. I make this Declaration based on my personal knowledge.

3. I am the named Plaintiff in this case.

4. I am over the age of 18, *sui juris*, and competent to testify to the matters contained in this Declaration.

5. I worked for INK 477 LLC ("Defendant") at its Level 6 restaurant in Coconut Grove, Florida, from about August 2022 through December 24, 2022.

6. At Level 6, I worked as a tipped employee in the front of the house (in other words, dealing with tableside customers) as a server.

7. As a server at Level 6, my job duties included servicing tables, such as taking food and drink orders tableside, entering all orders into the Point-of-Sale system, bringing out the food, helping bus the tables, and attending to customers' needs.

8. Working as a server at Level 6 involved the additional duties of collecting payment, running a daily report, and providing that daily report to the manager on duty.

9. The Defendant would normally assign one server to between five and ten tables at a time, and we'd work together with hosts, bussers, food runners, and bartenders to provide service to the guests.

10. Defendant automatically included a mandatory service charge on its bills, requiring its customers to pay an amount (as a percentage of their bill) in addition to the food and beverages.

11. Customers could also leave/pay an additional amount beyond the mandatory service charge as a gratuity or tip.

12. These tips that customers left/paid above and beyond the mandatory service charge are also called overtips.

13. Defendant paid me for working at Level 6 with an hourly wage that was less than the applicable minimum wage and used the service charges and tips they collected to make up for the difference.

14. Defendant would collect and take control of all credit card overtips.

15. On a biweekly basis, Defendant would pay me and issue my pay stub.

16. My paystubs identified the hourly wages I received, the service charges shared with me, and the tips that Defendant distributed to me.

17. Although I had customers who left tips/overtips on their bills, I did not receive all the overtips that Defendant was supposed to pay to me, meaning Defendant either kept a portion of the overtips, improperly distributed the overtips among other tipped employees, or improperly distributed a portion of the overtips to employees who were not entitled to receive tips.

18. I have personal knowledge that other tipped employees at Level 6 will want to participate in this lawsuit, but many of them are unaware of their rights regarding minimum wages and tips.

19. Defendant employed over 30 others during the time I worked for it who performed similar, if not the same, type of work as I performed and who were subjected to the same types of pay violation practices as me.

20. Defendant had more than 30 people who worked various shifts over the course of a week as (7) servers, (11) bartenders, (8) bussers or "server assistants," and (5) hosts, without accounting for the turnover in the staff of people who left and new people who were hired throughout the year. (*See e.g.*, Exhibit "1".)

21. I believe that many of my former coworkers also would join this lawsuit and recover the tips (overtips) and/or minimum wages they earned but did not receive while working for Defendants if they knew about this lawsuit.

22. My personal experience with the Defendant is that the company is likely to retaliate against anyone who speaks up about not being paid properly because of the management style at the restaurant.

23. Employees who currently work for Defendant would benefit from the Court supervising a process in which they would be notified of their rights, and that federal law can protect them if they are retaliated against for making a claim (or joining this lawsuit) to recover the tips (overtips) and/or minimum wages owed to them.

24. If the Court supervises the process of notifying current (and former) employees and protects the current tipped employees working for the Defendant from being retaliated against, I think others would also join this lawsuit to recover the tips (overtips) they earned but did not receive.

25. I fully understand and aver that the facts contained within this Declaration are true and correct.

## DECLARATION

By my signature below, I execute this declaration in Litchfield County, Connecticut, and declare under penalty of perjury that the foregoing is true and correct.

By _C.V.A._
Chrisovalantou Anastasopoulos (Sep 24, 2024 18:22 EDT)
CHRISOVALANTOU ANASTASOPOULOS

24/09/2024
DATE