UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-21586-KMW

CHRISOVALANTOU ANASTASOPOULOS,

        Plaintiff,

v.

INK 477 LLC,

        Defendant.

_____/

## DEFENDANTS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Defendant, Ink 477, LLC, by and through undersigned counsel hereby submit this Response and Memorandum of Law in Opposition to Chrisovantou Anastasopoulos' ("*Plaintiff*") Motion for Conditional Certification of a Collective Action filed on October 18, 2024 [DE- 34] ("*Motion for Conditional Certification*").[1]

## INTRODUCTION

Plaintiff's Fair Labor Standards Act ("**FLSA**") claim, the only claim relevant to conditional certification, consists of Plaintiff's allegations that Chrisovantou "Valanta" Anastasopoulos "seeks to recover **tips/overtips**, liquidated damages, declaratory relief and reasonable attorneys' fees and costs…" See Complaint at ¶3. [DE-1] ("Complaint**").** In turn, Plaintiff expansively defines the FLSA collective action class as "[A]ll front-of-the-house **tipped** employees who worked at Level 6 in Coconut Grove, Florida any time during the three (3) years before the Complaint and up through the rendition of a judgment in this matter. (DE-34 at ¶I(A)). (*Emphasis ours*)

---

[1] Declaration of Daniele Santos is attached as Exhibit A.

I.     <u>Introduction</u>

Here, Level 6 opened its doors to the public on the last week of September 2022. Chrisovantou "Valanta" Anastasopoulos started working on September 12, 2022, as a Server, and was in training through October 1, 2022. During the training period, Plaintiff was paid $10.00 per hour, plus service charge and optional tips. Following the training period, on October 2, 2022, Plaintiff received an hourly rate of $6.00 per hour, plus service charge and optional tips. Plaintiff's last day of employment was on December 22, 2022. From the start, Level 6 had adopted the 7(i) exemption and paid its servers in accordance same and does so through today. *See* 29 CFR §779.419.

The substantial payment for Servers at Level 6 is through a *mandatory* service charge. A service charge is not a tip as a matter of law. *See* 29 CFR §531.55(b); <u>Rosell v. VMSB, Ltd. Liab. Co.</u>, No. 23-12658, 2024 U.S. App. LEXIS 8959, at *1 (11th Cir. Apr. 15, 2024); and <u>Compere v. Nusret Miami, Ltd. Liab. Co</u>., 28 F.4th 1180, 1182 (11th Cir. 2022). The only form of a tip received by a server, using the FLSA 7(i) exemption, is through an *optional tip* provided by the guest. During 2022, the optional tip was recorded at the point of sale and a spreadsheet was created by management showing the distribution of the server tip pool, the amount, and recipients. Then on January 2023, the optional tip was still collected at the point of sale and electronically reported to a computerized service, Evention, who automatically calculates the amount due to each participant in the tip pool. The practice of tip pooling is proper as explained in 29 CFR §531.54. Only eligible employees are able to participate in the server tip pool as documented in the records of the Employer.

It is well established that in order to obtain conditional certification, Plaintiff bears the burden of demonstrating that she and other members of the putative class are similarly situated

with respect to whether an FLSA violation has occurred. Morgan v. Fam. Dollar Stores, Inc., 551 F.3d 1233, 1261 (11th Cir. 2008). Plaintiff attempts to group all front of house employees into one expansive collective action by overly broad and sweeping allegations that they are "similarly situated" when they are not. Plaintiff has insisted on an improper class consisting of every single *front of house* worker, whereas, the Plaintiff was a Server and the servers had their own tip pool, as opposed to Bartenders who had their own tip pool. The method of computation for the distribution for each tip pool was different. See Declaration of Daniele Santos, Ex "A."

Importantly, Plaintiff has not sufficiently demonstrated that Plaintiff and others, not servers, are similarly situated so as to warrant collective action. Plaintiff's attempt to conditionally certify a class consisting of every single current and former *front of house* employee at Level 6, during the relevant FLSA time period, is inconsistent with her own allegation given that she was only a member of the Server Tip Pool. Plaintiff's conclusory allegations and Plaintiff's declaration and that of her sister, cannot support conditional certification because Plaintiff has not shown that there are numerous other workers who desire to join this action. Here, conditional certification is unwarranted because the number of those willing to participate in this action is a very small number, below that recognized in the Eleventh Circuit, and can logically and reasonably come forward as an opt-in.

Further, even if certification were appropriate, Plaintiff's proposed form of collective action notice is full of defects that would unfairly prejudice Defendant in various ways. Specifically, the proposed form of notice is unnecessary, duplicative, and overly expansive by including all current and former non-exempt employees, who were member of other Tip Pools during the applicable statutory period.

**ARGUMENT**

I.   **THIS COURT SHOULD DENY CONDITIONAL CERTIFICATION BECAUSE PLAINTIFF HAS NOT MET THE STANDARD SET BY THE ELEVENTH CIRCUIT.**

**A. Legal Standard For Conditional Certification.**

The FLSA permits a collective action "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike traditional class-action suits under Rule 23, an FLSA collective action requires class members to opt into the suit. *See* Hipp v. Liberty Nat. Life Ins. Co*., 252 F. 3d 1208, 1215 (11th Cir. 2001). The Eleventh Circuit has sanctioned a two-stage procedure to effectively manage FLSA collective actions in the pretrial phase. *Id.* The first step of whether a collective action should be certified is the notice stage, also known as the conditional certification stage. *Morgan,* 551 F. 3d at 1261. At the conditional certification stage, Plaintiff must demonstrate "a reasonable basis" that (1) there are other employees who desire to join this action, and (2) the employees desiring to join are similarly situated to Plaintiff with respect to their job requirements and pay provisions. *See* Bennett v. Hayes Robertson Grp., Inc*., 880 F. Supp. 2d 1270, 1282-83 (S.D. Fla. 2012) (citing *Dybach v. State of Fla., Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991)).

"To satisfy the reasonable basis test, a plaintiff must have more than only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs' exist." *Bennett,* 880 F. Supp. 2d at 1283. In determining whether Plaintiff has satisfied these requirements, this Court must review Plaintiff's pleadings and affidavits. *See* Cameron-Grant v. Maxim Healthcare Servs., Inc*., 347 F.3d 1240, 1243, n.2 (11th Cir. 2003). Ultimately, "[t]he decision to conditionally certify a collective FLSA action lies within the discretion of the Court." Kubiak v.

4

S.W. Cowboy, Inc., No. 12-cv-1306, 2014 WL 2625181 (M.D. Fla. June 12, 2014) (citing *Hipp*, 252 F.3d 1208 at 1217).

While courts generally employ a "fairly lenient standard" in assessing whether a potential class of "similarly situated" individuals exists and whether the putative class should be conditionally certified, this lenient burden does not equate to no burden at all. *See* Parrilla v. Allcom Const. & Installation Servs., LLC, No. 6:08-cv-1967-Orl-31GJK, 2009 WL 1456442, at *1 (M.D. Fla. May 22, 2009) ("[A]lthough this burden is low and can often be met by 'detailed allegations supported by affidavits,' . . . it is not 'invisible' and cannot be based on the conclusory allegations of a few employees.") (internal citations omitted). Absent this burden, employer-wide certification would be applicable to every FLSA class allegation. *See* Smith v. Sovereign Bancorp., Inc., No. 03-cv-2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003) (noting that permitting plaintiffs to proceed on the basis of allegations alone would "render preliminary class certification automatic, as long as the Complaint contains the magic words: 'Other employees similarly situated.'"). As the court in Horne explained, courts must be judicious in granting conditional certification because:

> [t]he competing considerations of the economy of scale envisioned by the FLSA collective action procedure . . . and the caution that courts as well as practicing attorneys, have a responsibility to avoid the stirring up of litigation through unwarranted solicitation, . . . require that this court determine that similarly situated persons exist before certifying, even preliminarily, a case as a collective action.

Horne v. United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231, 1237 (M.D. Ala. 2003) (internal citations and quotations omitted).

i.    <u>Insufficient Number of Movants and Supporting Affidavits</u>

One or two affidavits are known to be insufficient to declare a conditional collective, rather proceeding as opt-ins. See <u>Rodgers v. CVS Pharmacy, Inc.</u>, No. 8:05-CV-770-T-27MSS, 2006 U.S. Dist. LEXIS 23272, at *8 (M.D. Fla. Mar. 22, 2006); see also <u>Vertilus v. Anglin's Beach Café, LLC</u>, No. 19-61462-CIV-ALTMAN/Hunt, 2019 U.S. Dist. LEXIS 175545, at *7 (S.D. Fla. Aug. 28, 2019). Equally, in <u>Zuliani v. Santa Ana, Ltd. Liab. Co.</u>, the Plaintiff held that the tips collected were distributed to ineligible persons. This is the same allegation in the instant case. See DE-34 at Pg 3-4 (Sections titled "*The named Plaintiff*" and  "*The Opt-In Plaintiff*.") Before Judge Moreno, one Plaintiff and two opt-ins asked the court to conditionally certify a collective and he decided that was not enough, by stating:

> Furthermore, "[c]ertification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit. Rather, a showing that others desire to opt in is required before certification and notice will [*13] be authorized by the court." *Rodgers v. CVS Pharmacy, Inc.*, 2006 U.S. Dist. LEXIS 23272, 2006 WL 752831, at *3 (M.D. Fla. March 23, 2006) (citations and footnote omitted) (emphasis added). Were it otherwise, court-authorized notice "would function as little more than a fishing expedition." *Rappaport*, 2007 U.S. Dist. LEXIS 92869, 2007 WL 4482581, at *5. See also *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 799 (E.D. La. 2007) ("[E]mployers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expense[].") (citations and internal quotations omitted). <u>Id</u> at No. 17-62080-CIV-MOORE, 2018 U.S. Dist. LEXIS 42922, at *12-13 (S.D. Fla. Mar. 14, 2018)

Here, the movant states that the opt-in person, her sister, makes a *conclusory* comment "that over 30 other people could join this lawsuit." However, "[A] plaintiff's or counsel's belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective

action and notice to a potential class." <u>Mackenzie v. Kindred Hosps. East, L.L.C.</u>, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003).

The Court in <u>Zuliani</u>, cited to other cases noting that five, six, and twelve opt-ins, who issued affidavits in support were insufficient. Here, the Plaintiff has failed to demonstrate that there are other employees, other than her sister, who desire to join this action but without any support other than mere belief. Thus, this Court should deny Plaintiff's Motion for Conditional Certification because Plaintiff's conclusory allegations do not meet even the standard set by the Eleventh Circuit.

### B. Plaintiff's Conclusory Allegations And Plaintiff's Single Declaration Cannot Support Conditional Certification Because Plaintiff Has Not Shown That There Are Other Workers Who Desire To Join This Action.

Plaintiff's Motion for Conditional Certification and the single supporting affidavit rely upon their own similar conclusory statements and vague assertions that fail to provide any specific facts in support of her allegations. Therefore, the motion fails to meet the required threshold for conditional certification. Before a court can conditionally certify a class, a "plaintiff is required to demonstrate, through pleadings and affidavits, that . . . there are other employees of the employer who desire to opt-in." <u>Alvarez v. Sun Commodities, Inc.</u>, No. 12-CV60398, 2012 WL 2344577, at *2 (S.D. Fla. June 20, 2012). Plaintiff must submit affidavits that attest to facts, not beliefs, opinions, conclusions, or hearsay, and must demonstrate a sound basis for the affiant's personal knowledge of such facts. <u>Holmes v. Quest Diagnostics, Inc.</u>, No. 11-CV-80567, 2012 WL 12876965, at *2 (S.D. Fla. June 14, 2012), ("[T]his Court joins the '[f]ederal courts [that have] routinely decline[d] to certify collective action[s] when the plaintiff's assertions [we]re conclusory or lack[ed] evidentiary foundation.") (*citation omitted*).

7

"Plaintiff must, at a minimum, identify specific employees…who desire to join the lawsuit." Gonzalez v. Winn-Dixie Stores, Inc., No. 14-CV-20792, 2014 WL 4665468, at *4 (S.D. Fla. Sept. 18, 2014). "In making this showing, a plaintiff cannot rely on speculative, vague, or conclusory allegations." Alvarez, 2012 WL 2344577, at *2. Federal courts in the Eleventh Circuit consistently have held that a plaintiff must demonstrate that others **want** to join the suit as a prerequisite to conditional certification. *See, e.g.,* Palacios v. Boehringer Ingelheim Pharm., Inc., No. 10-CV-22398, 2011 WL 6794438, at *1 (S.D. Fla. Apr. 19, 2011) (noting that "a plaintiff's or counsel's belief in the existence of other employees who may desire to opt-in is insufficient to justify notice to a potential class"); Yoder v. Fla. Farm Bureau, 446 F. Supp. 3d 956, 966 (N.D. Fla. 2020) (denying conditional certification in part because Plaintiff's burden to show aggrieved individuals exist was not met by two pre-notice declarations and a belief "that other similarly situated agents have experience FLSA violations and would like to opt in"); Calvo v. Summit Broadband Inc., No. 16-CV-746, 2018 WL 3635104, at *7 (M.D. Fla. Apr. 17, 2018) ("[C]ertification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit"); Alvarez, 2012 WL 2344577, at *2 ("[A] belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification.'"); Ulysse v. Divosata Bldg. Corp., No. 06-80338-CIV-RYSKAMP/VITUNAC, 2006 WL 3618449, *1 (S.D. Fla. Dec. 11, 2006) (denying plaintiff's motion for notice because plaintiff merely testified as to his personal belief that other employees may be interested in joining the action); White v. Kcpar, Inc., No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348, at *3 (M.D. Fla. June 20, 2006) (same); Rodgers v. CVS Pharm., Inc., No. 05-CV770T-27MSS, 2006 WL 752831, at *4 (M.D. Fla. Mar. 23, 2003) (denying plaintiff's motion for notice because plaintiff failed to identify

any other employees who desired to join and merely provided his own affidavit containing unsupported belief that others may desire to opt in if given notice).

Here, Plaintiff's reliance solely on her and her sister's unsupported assertions fall short of even the modest factual showing required at the conditional certification stage. As an initial matter, Plaintiff only proffers that ineligible people received tips, i.e., that they were part of a nondescript tip pool, but fails to identify such persons or provide evidence of same, when in actuality the employer's records show the contrary. Plaintiff's mere speculation is self-serving and insufficient to justify providing notice to potential plaintiffs.

Indeed, Plaintiff attempts to hide behind statements that "I believe that many of my former coworkers also would join this lawsuit and recovery tips (overtips) and/or minimum wages they earned while working for Defendant if they knew about this lawsuit." *See* Declaration of Chrisovantou Anastasopoulos at ¶21; and Declaration of Dimitra Anastasopoulos at ¶20 . Yet asks this Court to conditionally certify an expansive class of *all* current and former Level 6 workers, including non-exempt front of house employees during the relevant FLSA time period. Again, Plaintiff does not provide this Court with a single name, affidavit (other than her own and her sister), or allegation grounded in fact, that indicates any other front of hour worker wishes to join this action. Instead, Plaintiff conveniently alleges that she fears retaliation *on behalf* of the others because of the management style. *See* Declaration of Chrisovantou Anastasopoulos at ¶22. Again, the plaintiff's motion is filled with guesses, supposition and unsupported conclusions.

Plaintiff's Motion for Conditional Certification is nothing more than a fishing expedition for potential plaintiffs that are not similarly situated, not part of the Server Tip Pool, and a waste of this Court's judicial resources. Further, Plaintiff's proposed notice is an inappropriate attempt to discover *whether* there are any other workers who wish to join this action. Such an attempt is

inconsistent with the requirement of conditional certification that Plaintiff show there are others who wish to join. Thus, Plaintiff's conclusory, and incorrect, allegations based on her own conjecture and assumptions about her coworkers do not support conditional certification, as she has failed to identify that there are similarly situated members who wish to join this collective action, and Plaintiff's Motion for Conditional Certification should be denied.

### C. **Conditional Certification Is Unwarranted Because Plaintiff Fails To Demonstrate She Is Similarly Situated to the Putative Collective Action.**

The purpose of a collective action is to provide an "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Therefore, while the Eleventh Circuit has "refused to draw bright lines in defining similarly," it has observed that "as more legally sufficient differences appear amongst the opt-ins, the less likely it is that the group of employees is similarly situated." Morgan, 551 F.3d at 1261 (citing *Anderson v. Cagle's Inc.,* 488 F.3d 945, 953 (11th Cir. 2007)).

Here, Plaintiff does not mention or distinguish the Server Tip Pool or Bartender Tip Pool, nor addresses that she is similarly situated to the putative FLSA class of '*all Front of House*' current and former workers of Level 6. The comingled term of 'Front of House' is overly broad because it would include members of the Bartender Tip Pool, which the Plaintiff, nor her sister, were a member of. Moreover, the distribution of that Bartender Tip Pool was different than that received by a Server. Plaintiff simply makes conclusory statements and cites to incorrect policies and practices of Defendant, which are not sufficiently descriptive of the work actually performed by the Plaintiff as a server and also insufficient to support conditional certification. *See* Declaration of Chrisovantou Anastasopoulos at ¶6; and Declaration of Dimitra Anastasopoulos at ¶6 . As such, Plaintiff's Motion for Conditional Certification should be denied because Plaintiff

has not established, even under a lenient standard, that she is similarly situated to the putative class.

### D. Even If Conditional Certification Were Warranted, The Collective Action's Temporal Scope Should Be Limited To Less than Two Years Before The Date Of The Certification Order.

Plaintiff's proposed collective action class definition encompasses "from April 25, 2021," three years prior to the date of the Court's Order granting conditional certification." *See* Motion for Conditional Certification at Pg. 1. Even if Plaintiff can obtain conditional certification, the proposed temporal scope would be too broad. "Congress intended to draw a significant distinction between ordinary and willful violations" of the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 132 (1988).

"Ordinary violations of the FLSA are subject to the general 2-year statute of limitations. To obtain the benefit of the 3-year exception, the Plaintiff must prove that the employer's conduct was willful." *Id.* at 135. To show an employer's FLSA violation was "willful," the plaintiff must prove that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Id.* at 132. "If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful." *Id.* at 133 (1988). Here, there is no evidence that Defendants purposefully did not pay Plaintiff overtime.

Here, the Plaintiff started working on September 12, 2022 and Level 6 actually opened its doors to the public the third week of September 2022. Therefore, even if conditional certification were warranted here, which it is not, the temporal scope of the collective action class should be restricted to two years before the date of the order granting certification.

## II.     ALTERNATIVELY, PLAINTIFF'S PROPOSED NOTICES MUST BE AMENDED.

Given the above-stated reasons, the Court should deny Plaintiff's Motion for Conditional Certification. However, even if the Court were to grant Plaintiff's Motion for Conditional Certification, the Court should drastically limit Plaintiff's proposed notices in the form offered by Plaintiff. Plaintiff's proposed notice suffers from numerous deficiencies, including that the proposed form of notice is unnecessary, duplicative, and overly expansive by including all current and former non-exempt employees as well as workers who were not servers and not part of the server tip pool during the applicable statutory period.

Plaintiff is asking this Court to, in part, (1) authorize this matter to proceed as a collective action, (2) authorize mailing or emailing of the proposed notice to all similarly situated persons employed by the Defendant in the position of employees (unlike Plaintiff's classification) during the three- year period preceding the filing of this action, and (3) require the Defendant to produce a data file containing the names, addresses, social security numbers and telephone numbers of all such potential opt-in plaintiffs so that notice may be implemented. Again, Plaintiff's expansive definition of a proposed class (including persons who are not servers or part of the server pool) is in no way similar to Plaintiff. Plaintiff's fishing expedition requiring every name, address, and telephone number for every current and former worker of Level 6 during the relevant time period should not be permitted and is beyond the scope of the FLSA's intent. *See* Elliot v. Barbeque Integrated, Inc.*,* No. 19-62426-CIV-SINGHAL, 2020 WL 4495931 (S.D. Fla. May 29, 2020) (denying collective certification at the first stage and holding that "Plaintiff's argument that Defendant should produce the names and dates of employment is an improper burden shift at this preliminary stage").

12

Further, courts have long recognized that notice via first class mail to the putative class best balances the various case-management considerations courts face, and it is unquestionably, the preferred method for notice to the putative class. *See, e.g.,* Gallagher v. Lackawanna Cnty, No. 3:CV-07-0912, 2008 WL 9375549, *10 (M.D. Pa. May 30, 2008) ("[N]otice by mail is the most efficient means to notify prospective plaintiffs. . . ."). Given the proven fairness and reliability of mailed notice, the overwhelming majority of courts that issue court-approved notices in collective actions limit such notices to a single mailed notice. Indeed, absent unusual circumstances, other forms of notice, including posting, have been rejected by federal courts. *See, e.g.,* Owen v. West Travel, Inc.*,* No. C03-0659Z, 2003 WL 43722 (W.D. Wash. Dec. 12, 2003) (court held that posting the notice would be "redundant, and, furthermore, would unfairly publicize yet unproved allegations about [the employer]"). Plaintiff has not pointed to any reason why first-class mail would be insufficient in this case. Accordingly, Plaintiff's request for posted notice at the worksite should also be denied.

Lastly, Plaintiff has not proffered a single reason why this Court should place a gag order on Defendant and prohibit Defendant from communicating with any current or former hourly worker about this lawsuit. Indeed, in the interest of full disclosure, Defendants' counsel's name and contact information should be included in the notice. While federal courts are split on whether to include defense counsel on the opt-in notice, many federal courts choose to do so in the interest of transparency. *See* Lundine v. Gates Corporation No. 18-1235-EFM, 2019 WL 5267108 at *3 (D. Kan. Oct. 17, 2019) (finding that "notice should include [Defendant's] counsel's information" and "finding no reason to disallow that information); Whitehorn v. Wolfgang's Steakhouse, Inc.*,* 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (finding "Defendant's request to include defense counsel's contact information is also reasonable, and the notice should be so amended); Gonzalez

v. Ridgewood Landscaping, Inc. No. H-09-2992, 2010 WL 190362 at *8 (S.D Tex. 2010) (finding that there is "little risk of confusion" by including contact information for defense counsel and noting that "FLSA opt-in notices often contain the names of all counsel").

### III.     CONCLUSION.

For the aforementioned reasons, Plaintiff's Motion for Conditional Certification should be summarily denied, based on the insufficiency of the number requesting same, rather than allowing this small number to proceed as an opt-in.  In the alternative, Plaintiff's notice should be permitted only as to current and former Level 6 members of the Server Tip Pool during the applicable statutory period.

<div style="margin-left: 50%;">

Respectfully submitted,
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
*Counsel for Defendant*
100 SE Second Street, Suite 2100
Miami, Florida 33131
Telephone: 305-374-4400
Facsimile: 305-579-0261

By: */s/ Sergio R. Casiano, Jr., Esq.*
      SERGIO R. CASIANO, JR.
      Florida Bar No.: 457302
      sergio.casiano@wilsonelser.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the on the 31st day of October 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court Southern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: <u>*/s/ Sergio R. Casiano, Jr., Esq*</u>.
 SERGIO R. CASIANO, JR.
 Florida Bar No.: 457302
 sergio.casiano@wilsonelser.com

<u>SERVICE LIST</u>
Brian H. Pollock, Esq.
Patrick Brooks LaRou, Esq.
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: 305-230-4884
brian@fairlawattorney.com
brooks@fairlawattorney.com

*Counsel for Plaintiff*