UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21586-KMW

CHRISOVALANTOU ANASTASOPOULOS,

     Plaintiff,

vs.

INK 477 LLC,

     Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Chrisovalantou Anastasopoulos, through her undersigned counsel and pursuant to Fed. R. Civ. P. 26, Local Rule 7.1, and other applicable Rules and laws, requests that the Court enter an Order compelling the Defendant as follows:

1.     Plaintiff filed this collective action to recover the tips that were improperly confiscated or distributed and an equal amount of liquidated damages for herself and others similarly situated under the Fair Labor Standards Act on April 25, 2024. [ECF No. 1.]

2.     The Court entered an FLSA Order on May 1, 2024, requiring that the Plaintiff file a Statement of Claim and share her supporting documents within 10 days thereafter and that the Defendant file a Response and share its supporting and wage-related documents within 10 days after it appeared in the lawsuit [ECF No. 5].

3.     The Court then granted Plaintiff's Motion to modify this procedure, in part, by requiring Defendant to provide Plaintiff "with the employment documents listed in this motion" within 10 days after being served and requiring Plaintiff to file her Statement of Claim within 10 days thereafter. [ECF Nos. 7, 8.]

1

4. Referring back to Plaintiff's Motion, the employment document she identified therein included the following:

5. ...tips distributed to Plaintiff (and all others similarly situated)

9. ...the time and pay records, as well as the records identifying the tips it received on each check for which Plaintiff (and those similarly situated who opt into these proceedings) earned, and the amount paid to each for the time relevant to this lawsuit (April 25, 2021 to present) so that Plaintiff can prepare the Statement of Claim with more accuracy.

19. ...tip (accounting) records

[ECF No. 7 at ¶¶5, 9.]

6.      Defendant partially complied by producing Plaintiff's paystubs, a POS (point-of-sale) record, and time records for Plaintiff on June 21, 2021.

| | | |
|---|---|---|
| 📄 Paystubs Chrisovalantou.pdf | ✅ | 6/21/24, |
| 📄 POS Report Total sales Chrisovalantou_Redacted.pdf | ✅ | 6/21/24, |
| 📄 Punch In-Out Records.pdf | ✅ | 6/21/24, |

Defendant did not produce any records identifying the tips it received from each check, how it accounted for the tips, or how and to whom it distributed the tips. [*Compare* ECF Nos. 7, 8.]

7.      Plaintiff nonetheless complied by filing her Statement of Claim on July 1, 2024 [ECF No. 18], also serving her Rule 26 Disclosures (and documents identified therein) on Defendant on the same date.

8.      In its Scheduling Order entered July 22, 2024, the Court required the parties to serve their Rule 26 Disclosures by August 5, 2024. [ECF No. 29.]

9.      Defendant did not timely or otherwise serve its Rule 26 Disclosures or any additional documents.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

10.    Plaintiff's sister, Dimitra Anastasopoulos, joined this case on August 9, 2024. [ECF No. 31.]

11.    Plaintiff then filed her Motion for Conditional Certification on October 18, 2024, to which Defendant filed a Response in Opposition on October 31, 2024. [ECF No. 34.]

12.    In its Response in Opposition, Defendant identifies discoverable materials that should have been (but were not) produced to Plaintiff:

> The only form of a tip received by a server, using the FLSA 7(i) exemption, is through an optional tip provided by the guest. During 2022, the optional tip was recorded at the point of sale and a spreadsheet was created by management showing the distribution of the server tip pool, the amount, and recipients. Then on January 2023, the optional tip was still collected at the point of sale and electronically reported to a computerized service, Evention, who automatically calculates the amount due to each participant in the tip pool.

[ECF No.26 at 2.]

13.    Plaintiff thereafter sent an email to Defendant on November 4, 2024, to confer regarding its production of the materials it referenced on page 2 of its Response, to obtain the time and pay records regarding Dimitra Anastasopoulos, and to obtain its Rule 26 Disclosures, with the referenced documents.

14.    Although Plaintiff requested a response by noon on November 6, 2024, Defendant did not even acknowledge the email.

15.    Plaintiff requests the Court to enter an Order compelling the Defendant to provide the information, documentation, and materials requested herein (and which it was previously Ordered to produce) and such other and further relief as the Court deems appropriate and as required by Fed. R. Civ. P. 37.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Chrisovalantou Anastasopoulos, respectfully requests that the Court enter an Order Compelling the Defendant, INK 477, LLC, to award the other relief as required by Fed. R. Civ. P. 37, and such other relief as is just and proper.

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that prior to the filing of this motion, the undersigned counsel for Plaintiff conferred with counsel for Defendant by email on November 4, 2024, with a deadline to respond by noon on November 6, 2024, but that Defendant did not respond or otherwise acknowledge the email.

Respectfully submitted this 7th day of November 2024.

s/ Brian H. Pollock
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave., Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff(s)*

4