UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21586-KMW

CHRISOVALANTOU ANASTASOPOULOS
and DIMITRA ANASTASOPOULOS,

      Plaintiffs,

vs.

INK 477 LLC,

      Defendant.
_____/

## REPLY SUPPORTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION

### I. INTRODUCTION

Plaintiff, Chrisovalantou Anastasopoulos, seeks to conditionally certify this case as a collective action so that similarly situated front-of-house tipped employees who worked at Defendant's restaurant known as "Level 6" may be notified of their right to join this action and recover tips that Defendant improperly withheld/distributed during their employment.

In its Response to Plaintiff's Motion for Conditional Certification [ECF No. 36] (Defendant's "Response"), Defendant first erroneously argues that conditional certification of a collective action is improper in this case because bartenders are not "similarly situated" to Plaintiff, who worked as a server. However, because these classes of employees were subject to exactly the same policies and practices at issue, there is no question that the individuals within the proposed collective are indeed similarly situated.

Next, Defendant contends that Plaintiff has not demonstrated sufficient numerosity of interested individuals within the proposed collective. This argument also fails in light of the

1

testimonial evidence presented by Plaintiff Chrisovalantou Anastasopoulos and opt-in Plaintiff Dimitra Anastasopoulos, supplemented by the exhibits attached hereto reflecting the names and concerns of their coworkers at Level 6.

Finally, Defendant takes issue with Plaintiff's proposed opt-in notice forms, alleging that: (i) bartenders should not be included in the notice; (ii) notice should be limited to a single mailing; and (iii) the name and contact information of Defendant's counsel should be included in the notice. However, Plaintiff's proposed opt-ins notice forms are appropriate for issuance as drafted given that bartenders are similarly situated to Plaintiff and other putative members of the proposed collective, first-class mail is an insufficient means of notice to individuals whose current addresses are unknown to Defendant, and that Defendant has demonstrated no basis or binding authority demonstrating a need for its counsel to be listed on the notice.

Accordingly, the Court properly grants in full Plaintiff's Motion for Conditional Certification of a Collective Action [ECF No. 34] (Plaintiff's "Motion").

## II. ARGUMENT

### A. ___All Members of the Proposed Collective are Similarly Situated.___

Defendant errs in its contention that individuals within the proposed collective (servers and bartenders) are not similarly situated. As correctly stated by Defendant, "[a]t the conditional certification stage, Plaintiff must demonstrate 'a reasonable basis' that . . . the employees desiring to join are similarly situated to Plaintiff with respect to their **job requirements** and **pay provisions**." Defendant's Response at 4 (citing *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1282-83 (S.D. Fla. 2012)). To prove that she is "similarly situated" to members of the proposed collective, Plaintiff must "demonstrate that [s]he and potential plaintiffs together were victims of a common policy or plan that violated the law." *Chalker v. Burlington Coat Factory of Florida,*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

*LLC*, 2013 WL 5954783, at *1 (M.D. Fla. Nov. 7, 2013) (*quoting Longcrier v. HL–A Co., Inc.*, 595 F.Supp.2d 1218, 1236 (S.D. Ala. 2008)). Rather than showing that Plaintiff was a member of the same tip pool as Level 6's bartenders, as suggested in Defendants Response, she must instead show that they were subject to the same policies and practices of Defendants. *See Alequin v. Darden Restaurants, Inc.*, 2013 WL 3939373, at *6 (S.D. Fla. July 12, 2013) ("Plaintiffs at the conditional-certification stage are therefore not required to demonstrate a unified, explicit scheme of FLSA violations, but rather must show only that they are similarly situated with respect to general workplace policies and practices.").

Plaintiff and all members of the proposed collective, including bartenders, were subject to identical pay practices of Defendant. Both servers and bartenders of Level 6 were paid an hourly rate by Defendant, plus a percentage of the tips and service charges generated during their shifts. *See* ECF No. 36-1 at 3, 5, 6, 8, 11 ("During your employment with the Company, the Company will pay you $___ as an hourly wage. In addition to your hourly wages, the Company also will pay you commissions, as additional compensation, based on the amount charged the guests/customers served by you and others."); *see id.* at 4, 7, 9 (showing tip distributions). They were each required to share their tips with bussers (also referred to as "assistant servers"), runners, and hostesses. *See Id.* at 4, 7, 9. Servers and bartenders both shared from the same pool of service charges, and held the same point-value for receiving their portion of those charges. *See Id.* at 3, 5, 6, 8, 11. Moreover, Defendant required both servers and bartenders to sign standardized documents reflecting how tips and service charges would be distributed. There is no question, then, that Plaintiff is similarly situated to bartenders with respect to her pay provisions.

Plaintiff and other servers within the proposed collective are also similarly situated to bartenders with respect to their job duties: serving food and drinks to patrons of Level 6. In

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

certifying a case comprised "of both servers and bartenders," the District Court for the Middle District of Florida determined that "…what the employee serves—food or beverages—is a minor distinction." *Stuven v. Texas de Brazil (Tampa) Corp.*, 2013 WL 610651, at *4 (M.D. Fla. Feb. 19, 2013) (*citing See Haschak v. Fox & Hound Rest. Group*, 2012 WL 5509617, at *6 (N.D.Ill. Nov.14, 2012); and *Shajan v. Barolo, Ltd.*, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).) This Court concurred with the ruling in *Stuven*, holding that "front-of-the-house tipped employees share similar job duties." *Compere v. Nusret Miami, LLC*, 391 F. Supp. 3d 1197, 1203 (S.D. Fla. 2019). Therefore, Plaintiff has sufficiently demonstrated that she and all members of the proposed collective, including bartenders, are similarly situated so as to warrant collective action.

**B.** ***Numerous Individuals would Join this Action.***

Defendant is misplaced in its argument that Plaintiff is unable to demonstrate sufficient numerosity of other Level 6 employees who would join this lawsuit, so as to justify conditional certification of the proposed collective. The Court has long recognized that within this district, "the existence of just one other co-worker who desires to join in is sufficient to "rais[e] the Plaintiff's contention beyond one of pure speculation." *Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1283 (S.D. Fla. 2012) (*quoting Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at *4 (S.D.Fla. May 17, 2006)). As stated in Plaintiff's Motion:

> Conditional certification is proper when a Court is presented with testimony from **one other person**, besides the named plaintiff, who desires to opt into a collective action. *See Chen v. Wow Rest. TH, LLC*, 2023 WL 3976005, at *3 (M.D. Fla. June 13, 2023) (conditionally certifying collective action for server and one other opt-in ); *Wynder v. Applied Card Systems, Inc.*, 2009 WL 3255585 (S.D. Fla. 2009) (granting conditional certification of an FLSA collective action based upon two affidavits – one from the named plaintiff and one from an opt-in plaintiff); *see also Guerra, supra*, at *4 ("the Affidavit of Mr. Vidales shows that at least one other co-worker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation.").

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

Plaintiff's Motion at 9. Accordingly, Plaintiff has demonstrated that a sufficient number of Level 6 employees would join this action by attaching sworn declarations from herself and the opt-in Plaintiff, attesting to their "personal knowledge that other tipped employees at Level 6 will want to participate in this lawsuit"—including over thirty individuals who worked as servers, bartenders, bussers/server assistants, and/or hosts. ECF No. 34-1, ¶¶ 18-24; ECF No. 34-2, ¶¶ 17-20. Opt-in Plaintiff Dimitra Anastasopoulos offers further justification for certification by stating that "I received significant overtips on several occasions, and I know from talking with my former coworkers that they also had customers leave overtips, but we did not get all the tips/overtips that we were supposed to receive.

Defendant seemingly takes issue with the fact that Plaintiff has not named specific individuals who would join this action. *See* Defendant's Response at 8. Therefore, in further support of this collective action's conditional certification, Plaintiff attaches as "Exhibit A" her work schedules naming Level 6 employees who have expressed interest in recovering their unpaid/improperly distributed tips. While working for Level 6, the opt-in Plaintiff expressed to Defendant's Director of Human Resources, Daniele Santos, that the servers of Level 6 had been requesting a meeting with HR for weeks to discuss how their tips were being distributed—which was canceled and never rescheduled. *See* "Exhibit B" - Dec. 22, 2022 Email from Dimitra Anastasopoulos to Daniele Santos. Dimitra further voiced the other employees' concern that "[w]e also still do not receive our tip distribution sheet daily." *Id.*

Echoing this sentiment, Taylor, a bartender of Level 6, sent a message to all other employees in the restaurant's WhatsApp group chat stating: "Until I receive a paystub with a breakdown of my hours and what I am being paid, I will not be returning to work." *See* "Exhibit C" - WhatsApp Message from Taylor to Level 6 Group Chat. Plaintiff also spoke up to her

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

manager/Defendant's Director of Operations, Burak Isman, on behalf of the other Level 6 servers and tipped staff regarding their collective concern about the restaurant's method of tip distribution. *See* "Exhibit D" - Dec. 11, 2022 WhatsApp Message from Plaintiff to Burak Isman. Accordingly— based on the record evidence demonstrating the frustration of Level 6's employees with its lack of transparency regarding the tip distribution system, and those employees' concern that they were not being paid all tips to which they're entitled—the Court properly finds that a sufficient number of interested individuals exist to justify conditional certification of this collective action.

### C. <u>*Notice to the Proposed Collective by Email, Text, and Posting is Proper.*</u>

Finally, Defendant mistakenly asserts that the "proposed form of collective action notice is full of defects that would unfairly prejudice Defendant in various ways." Defendant's Response at 3. Defendant bases this erroneous assertion on the grounds that: (i) bartenders should not be included in the notice; (ii) notice should be limited to a single mailing; and (iii) the name and contact information of Defendant's counsel should be included in the notice.

As discussed in section II(A) above, bartenders are properly included within the proposed collective given that they are similarly situated to Plaintiff and other servers with respect to both their job duties and pay provisions. Therefore, upon the Court's certification of this collective action, bartenders are entitled to receive notice of their right to opt in.

Next, in support of Defendant's contention that notice should be issued by a single first-class mailing, Defendant cites only to non-binding, pre-pandemic cases from other districts. *See* Defendant's Response at 13. Effective notice of a collective action lawsuit in 2024 should be conveyed by text message and email. Many courts allow text message notice in FLSA cases. *See Grajeda v. Verified Moving Pros, LLC*, 2022 WL 17987191, at *2 (S.D. Fla. Sept. 22, 2022) (approving text message notice); *Thrower v. Universalpegasus, Int'l Inc.*, 2020 WL 5258521 at *11-12 (S.D. Texas,

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Sept. 3, 2020) (Text message notice approved in FLSA case because it would increase the likelihood that employees receive notice); *Vasto v. Credico United States LLC*, 2016 WL 2658172 (S.D.N.Y. 2016) (Text message notice approved in FLSA case); *Eley v. Stadium Group, LLC*, 2015 WL 5611331 at *3 (D.D.C. 2015) (Text message notice approved in FLSA case); *Irvine v. Destination Wild Dunes Mgmt.*, 132 F.Supp.3d 707, 711 (D.S.C. 2015) (Text message notice approved in FLSA case found to be "eminently reasonable"). The prevalence of spam email filters and the amount of spam email received makes email notice less effective than in prior years, while reliance on text messaging is more commonly used for commercial and personal communication. *Roldan v. Bland Landscaping Co., Inc.*, 341 F.R.D. 23, 35 (W.D.N.C. 2022). Most people now rely on their phones as their primary means of communication, making receiving a text message the best method to ensure receipt of notice of the pendency of this collective action. "Considering the changes in technology and the way we communicate, allowing plaintiffs to send notice via text message will increase the likelihood of potential class members receiving notice. This is the aim of the FLSA." *Pryke v. First Solar, Inc.*, 2021 WL 5027565, at *3 (N.D. Ohio Oct. 29, 2021).

Similarly, email is an effective and commonly used method of transmitting notice of a collective action to putative members:

> Objections to notice by e-mail and text message are "quite outdated and not in touch with the reality of current life in the United States of America." *Millin v. Brooklyn Born Chocolate, LLC*, No. 19-CV-3346, 2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020). Electronic messaging in addition to first class mail "reasonably further[s] the purpose of notice of a collective action under the FLSA." *Cabrera*, 2017 WL 4326511, at *8; *see also Sanchez v. Salse Con Fuego, Inc.*, No. 16-CV-473, 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) (explaining that first class mail and e-mail "may both serve as efficient means of ensuring that potential opt-in plaintiffs receive timely notice, and are therefore approved"). Courts also routinely approve requests to post notice on employee bulletin boards "and in other common areas, even where potential members will also be notified by mail." *Cabrera*, 2017 WL 4326511, at *8 (quoting *Rosario v. Valentine Ave. Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011)); *Whitehorn*, 767 F. Supp. 2d at 449 (same).

7

*Valdez v. MichPat & Fam, LLC*, 2022 WL 950450, at *15 (E.D.N.Y. Mar. 30, 2022), *appeal withdrawn,* 22-789, 2022 WL 2677030 (2d Cir. Apr. 29, 2022).

In addition to sending notice by email and text message, Plaintiff must be permitted to notify putative members of the collective of their right to opt in by requiring that Defendant post the notice in their restaurant. Defendant again cites no binding authority in support of its objection to this method of notice. Contrarily, this Court routinely authorizes notice by posting. *See Hubbard v. Jerry's Seamless Guttering, Inc.*, 2020 WL 6038110, at *4 (S.D. Fla. 2020) (approving 90-day notice period for the affected employees who worked for Defendant within the three years before the action being filed, requiring an Excel spreadsheet within 14 days, and requiring Defendant "to post the Notice and Consent in a conspicuous location in the same areas where they post government-required notices"); *Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 481-82 (S.D. Fla. 2018) ("Defendants' business will not be "crippled" by the posting of the Notice in an area where no customers can see it, such as the employee break room or in the back of the restaurant. The Court finds Plaintiffs' request to post the Notice at Defendants' restaurant reasonable.")

Finally, Defendant argues that the name and contact information of its attorney should be included in the notice—but offers no explanation in support of this proposition. Once again, Defendant offers no binding authority. As held by this Court, "including defense counsel directly in the posted notice seems unnecessary absent a specific showing." *Rosell v. VMSB, LLC*, 2020 WL 7767879, at *4 (S.D. Fla. July 7, 2020). Moreover, "including defense counsel's contact information without additional instruction—like an explicit warning not to contact defense counsel if an individual decides to join the lawsuit as a plaintiff—would create confusion and render the notice less effective." *Valdez v. MichPat & Fam, LLC*, 2022 WL 950450, at *15 (E.D.N.Y. Mar. 30, 2022);

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

*see also Jibowu v. Target Corp.*, 2020 WL 7385695, at *5 (E.D.N.Y. Dec. 16, 2020). Including defense counsel's contact information on the notice form would also increase the potential risk for violations of R. Regulating Fla. Bar 4-4.2, governing attorney communications with persons represented by counsel. Therefore, the Court properly finds that the proposed notice form should be issued as drafted.

### III. CONCLUSION

For the foregoing reasons, the Court properly grants Plaintiff's Motion for Conditional Certification of a Collective Action.

Respectfully submitted this 14th day of November 2024.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*